**WAGNER BROS., INC., a corporation, Plaintiff and Appellant,**

v.

**CITY OF WILLISTON, a North Dakota municipal corporation, Defendant, Third Party Plaintiff, and Appellee,**

v.

**WEBSTER, FOSTER and WESTON, Third Party Defendant and Appellee.**

Civ. No. 10368.

Supreme Court of North Dakota.

June 24, 1983.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for plaintiff and appellant; argued by Ward M. Kirby, Dickinson.

MacMaster & Bonner, Williston, for defendant, third party plaintiff, and appellee; argued by Margaret Bonner, Williston.

McGee, Hankla, Backes & Wheeler, Minot, for third party defendant and appellee; filed brief amicus curiae.

ERICKSTAD, Chief Justice.

The relevant facts in this case are not in dispute and thus can be briefly summarized. In 1978, the Environmental Protection Agency awarded the City of Williston (hereinafter City) a federal sewage work grant. Thereafter, on November 3, 1980, Wagner Brothers, Inc. (hereinafter Wagner) contracted with the City to perform the requisite construction work on the waste treatment improvements project. However, after commencing work on the project, Wagner submitted a demand for arbitration alleging that the project's plans and specifications were at variance with the actual work to be performed, thereby entitling Wagner to additional compensation.

Upon the City's refusal to arbitrate, Wagner commenced an action for a declaratory judgment of its contractual right to require that the controversies in question be resolved through arbitration. Subsequent thereto, the City brought a third party action against Webster, Foster and Weston (hereinafter Webster) alleging that if it is adjudged liable to Wagner, whether determined by arbitration or by court proceedings, it would be the proximate result of Webster's negligence, thus entitling the City to contribution or indemnity. Wagner and the City then moved for summary judgment on the grounds that there was no genuine issue of material fact with regard to whether or not the City was irrevocably bound to submit the matters in question to arbitration.[1] In an amended order, dated December 15, 1982, the District Court of Williams County denied Wagner's motion for summary judgment and granted the City's motion declaring that the arbitration provision of the Wagner-City contract was unenforceable. A judgment was entered in accordance therewith from which Wagner

---

1. Wagner contended that the City was so bound; however, the City argued that Section 32–04–12(3), N.D.C.C., precluded the court from specifically enforcing their contractual agreement to arbitrate.

now appeals. For the reasons hereinafter stated, we affirm.

The salient issue raised by Wagner on appeal is:

> Whether or not the district court erroneously determined that the arbitration clause of the Wagner-City contract was not specifically enforceable, thereby entitling the City of Williston to a summary judgment.

Specifically, Wagner contends that the clause in question constitutes an enforceable agreement because it was included in the contract pursuant to the federal rules and regulations governing EPA grants for the construction of waste treatment works.

 The relevant federal rules and regulations require that every waste treatment works contract include certain "Supplemental General Conditions." The requisite general condition with regard to arbitration is:

> "7. Remedies. Unless this contract provides otherwise, all claims, counterclaims, disputes and other materials [matters] in question between the Owner and the Contractor arising out of or relating to this agreement or its breach will be decided by arbitration if the parties hereto mutually agree, or in a court of competent jurisdiction within the State in which the Owner is located." Specifications for Sewage Treatment Improvements, Williston, North Dakota, Webster Foster & Weston, Consulting Engineers, 1980, at p. 56.

The clear import of provision 7 on Remedies is that if Wagner and the City "mutually agree," "all claims, counterclaims, disputes and other materials [matters] . . . arising out of or relating to . . ." their contract or its breach will be resolved through arbitration. Hence, there is absolutely no federal requirement mandating that Wagner and the City arbitrate their disputes.

---

**2.** Section 32–04–12, N.D.C.C., reads in pertinent part:

> "*32–04–12. What obligations cannot be enforced specifically.*—The following obligations cannot be enforced specifically:
>
> \* \* \* \* \* \*
>
> "3. An agreement to submit a controversy to arbitration."

Nevertheless, in the case at bar, Wagner and the City have contractually agreed to arbitrate:

> "30.1 All claims, disputes and other matters in question arising out of, or relating to, the CONTRACT DOCUMENTS or the breach thereof, except for claims which have been waived by the making and acceptance of final payment as provided by Section 20, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof." Specifications for Sewage Treatment Improvements, Williston, North Dakota, 1980, General Conditions: Page 9 of 9, Webster, Foster & Weston, Consulting Engineers.

This contractual clause, which constitutes the parties' mutual agreement to arbitrate, unequivocally states: "[t]his agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law."

 Thus, whether or not the Wagner-City arbitration clause is specifically enforceable is contingent upon our interpretation of the phrase "prevailing arbitration law." Under the Remedies provision, if Wagner and the City had not mutually agreed to arbitrate, their alternative remedy would have been to bring an action ". . . in a court of competent jurisdiction" within North Dakota, ". . . the State in which the Owner is located." In a similar vein, we interpret the phrase "prevailing arbitration law" to mean the applicable law in North Dakota with regard to specifically enforcing an agreement to arbitrate. Pursuant to Section 32–04–12(3), N.D.C.C.,[2] "an agree-

The City is not estopped from asserting that the arbitration clause in question is not specifically enforceable pursuant to Section 32–04–12(3), N.D.C.C., inasmuch as the parties' contractual agreement to arbitrate specifically declares: "[t]his agreement to arbitrate shall be specifically enforceable under the prevailing ar-

ment to submit a controversy to arbitration" cannot be specifically enforced.[3] We therefore affirm.

VANDE WALLE, SAND and PAULSON, JJ., concur.

PEDERSON, Justice, concurring specially.

If the "prevailing arbitration law" would provide due process for the parties in their dispute, I would not concur in the Chief Justice's ultra-technical interpretation. But the North Dakota statutes relating to arbitration procedure are so unfair that it would be unconscionable to force their use upon someone who objects. It should be

obvious from the fierce resistance that is regularly made, not only in this case, that our arbitration procedure is not a viable alternative dispute resolution forum. As soon as a court will declare the statutes unconstitutional, the door will be open to legislative efforts to write a valid and fair law.

---

bitration law." In this instance, the prevailing authority is Section 32–04–12(3), N.D.C.C.

**3.** Wagner contends that the Wagner-City arbitration clause is specifically enforceable under both North Dakota case law and common law. Nevertheless, his arguments in this respect are unpersuasive for two reasons. First, it is well-established that there is no common law in a situation where applicable statutory authority

exists. Section 1–01–06, N.D.C.C. And, secondly, the case law relied upon by Wagner does not stand for the broad proposition that in all circumstances an agreement to submit a controversy to arbitration is specifically enforceable. *See, West Fargo Public School District v. West Fargo Ed.,* 259 N.W.2d 612, 617 (N.D.1977); *Nordenstrom v. Swedberg,* 143 N.W.2d 848, 853 (N.D.1966).