590 P.2d 103

Ellie DE WEBER, Plaintiff-Respondent,

v.

BOB RICE FORD, INC., an Idaho Corporation, Defendant and Third Party Plaintiff-Respondent,

v.

Sam DAVIS, Third Party Defendant and Additional Third Party Plaintiff-Appellant,

v.

ROYAL LINCOLN MERCURY, INC., an Idaho Corporation, Third Party Defendant and Additional Third Party Plaintiff-Respondent,

v.

Kurt F. CHURCH, d/b/a Church Motors, Additional Third Party Defendant-Respondent.

No. 12339.

Supreme Court of Idaho.

Feb. 2, 1979.

Charles E. Mooney of Lyons, Mooney, Bohner & Munson, Boise, for third party defendant and additional third party plaintiff-appellant.

Dennis R. Jones, Boise, for third party defendant and additional third party plaintiff-respondent.

SHEPARD, Chief Justice.

This is an appeal by the defendant-third party plaintiff Sam Davis, Jr., from a summary judgment in an action to recover damages for breach of warranty of title in the sale of an automobile. We affirm.

This case arises out of a series of sales between various parties of a 1972 Lincoln Mark IV automobile. Sometime prior to January 20, 1973, Royal Lincoln Mercury, Inc. (Royal) acquired the automobile from Kurt Church, d/b/a Church Motors, for $6,800.00. On January 20, 1973, Royal sold the automobile to the appellant Sam Davis, Jr., for the sum of $7,725.00. On or about June 7, 1974, Davis traded the automobile to Bob Rice Ford, Inc., for which he received the sum of $5,765.02 as a trade-in allowance towards another vehicle owned by Bob Rice Ford, Inc. Bob Rice Ford, Inc. then sold the vehicle to Ellie De Weber on or about June 25, 1974 for the sum of $5,200.00.

De Weber ultimately traded the vehicle to Fred Turner, d/b/a The Carriage Shop, in Pasco, Washington, and received a credit in the sum of $5,500.00 towards the purchase of a new automobile. When Turner attempted to register the automobile within the state of Washington, it was discovered that it was a stolen motor vehicle. Resultingly, Fred Turner sued De Weber and obtained a judgment in the state of Washington for $5,500.00, plus interest, costs and disbursements for a total money judgment of $5,597.70.

De Weber subsequently brought a separate suit against Bob Rice Ford, Inc. in Idaho. Bob Rice Ford, Inc. filed a third party complaint against Sam Davis, Jr. Sam Davis filed a third party complaint against Royal, and Royal filed a similar action against the original seller, Kurt Church.

The district court found that Bob Rice Ford, Inc. was not entitled to a judgment from Sam Davis, Jr. greater than that incurred by Bob Rice Ford, Inc., concerning its liability to De Weber which amount totaled $5,597.70. The district court concluded that the true measure of damages should be the amount each seller had to pay as damages to their respective buyer.

The district court concluded that the Sam Davis judgment against Royal should "include the base claim of De Weber in the amount of $5,597.70, plus interest accrued thereon in favor of De Weber and paid by Bob Rice Ford, Inc. and its accrued interest on this total claim since the date of payment of the judgment in favor of Bob Rice Ford, Inc. to Bob Rice Ford, Inc., plus Davis' costs of suit." Thus, Bob Rice Ford, Inc. obtained a judgment for $6,077.02, together with costs in the amount of $30.00, for a total judgment of $6,107.02. Davis obtained a judgment against Royal for $6,107.02, together with costs of $20.00, for a total judgment of $6,127.01.

The appellant Sam Davis, Jr. argues on appeal that the appropriate measure of his damages was not the amount he was required to pay Bob Rice Ford, Inc., but rather that his recoverable damages from Royal are equal to the purchase price he paid Royal for the automobile, i. e., $7,725.00.

The measure of damages for a breach of warranty of title in the sale of an automobile is governed by the Uniform Commercial Code. The applicable section regarding damages is I.C. § 28-2-714. That section provides, in relevant part, as follows:

28-2-714. Buyer's damages for breach in regard to accepted goods.—

(2) The measure of damages for breach of warranty is the difference at the time

and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, *unless special circumstances show proximate damages of a different amount.* (Emphasis supplied.)

Davis argues that he paid the sum of $7,725.00 for the automobile, but that the automobile was valueless at the time of purchase as a result of the defective title. He contends that I.C. 28–2–714(2) provides for the recovery of the difference between these amounts, which is $7,725.00. We disagree. Davis' argument is predicated upon a reading of the statute without reference to the "special circumstances" exception. Clearly, "special circumstances" exist here.

It is undisputed that Davis retained full and uninterrupted use of the automobile for eighteen months prior to trading in the automobile for the purchase of another automobile. From that trade Davis received a credit for $5,500.00 from his immediate buyer, Bob Rice Ford, Inc. There is no indication in the record that the sale of this automobile by Davis to Bob Rice Ford, Inc. was other than an arm's length transaction. The terms of this sale were unaffected at that time by the defect in the title. Thus, there is no indication whatsoever in the record that Davis suffered any damages as a result of the breach of the warranty of title, other than the amount he was required to pay as damages to his immediate buyer.

We find that the "special circumstances" of this case justify an exception to the more general rule of measuring the damages at the time of the acceptance of the automobile by Davis. This exception is contemplated by the last phrase of I.C. § 28–2–714(2). *See Ricklefs v. Clemens,* 216 Kan. 128, 531 P.2d 94 (1975); *Itoh v. Kimi Sales,* 74 Misc.2d 402, 345 N.Y.S.2d 416 (1973).

The purpose of § 28–2–714 is to provide for the recovery of the buyer's loss resulting from the seller's breach. *See* § 28–2–714(1). By allowing Davis to recover the amount he had paid to his buyer as damages, Davis will recover the amount he has actually lost. He is thereby put in the same position as if there had never been a breach of the warranty of title.

Affirmed.

DONALDSON, BAKES and BISTLINE, JJ., and SCOGGIN, J. Pro Tem., concur.