Patti **KAYLOR** and Virgil
Kaylor, Plaintiffs,

v.

**ISEMAN MOBILE HOMES,**
Defendant and Appellee,

and

Gerring Industries, Inc., Defendant
and Appellant.

**Civ. No. 10832.**

Supreme Court of North Dakota.

June 10, 1985.

Zuger and Bucklin, Bismarck, for defendant and appellee; argued by Leonard H. Bucklin, Bismarck.

Pringle and Herigstad, Minot, for defendant and appellant; argued by James E. Nostdahl, Minot.

ERICKSTAD, Chief Justice.

This is an appeal by Gerring Industries, Inc. [Gerring] from a judgment awarding Iseman Mobile Homes [Iseman] $3,950 for attorneys' fees and costs incurred in conjunction with Iseman's defense to an action brought by Patti and Virgil Kaylor. We affirm.

The facts necessary to the resolution of this case are not in dispute and are quickly told. On November 21, 1980, the Kaylors contracted to purchase from defendant Iseman a 1981 Forest Park Mobile Home manufactured by co-defendant Gerring. The Kaylors allegedly encountered numerous problems with the mobile home, and subsequently discontinued making their monthly installment payments. The Kaylors eventually vacated the home in June, 1981, due to its alleged "unhabitability."

On August 30, 1982, the Kaylors brought an action against Iseman and Gerring alleging in the first four counts of their complaint that the defendants breached both an implied warranty of merchantability and an express warranty which accompanied the mobile home. Count five of the Kaylors' complaint alleged tortious conversion on the part of the defendants "based upon oppression and fraud." In this regard, the Kaylors alleged that "the home was moved to Defendant [Iseman] Dealer's sales lot without Plaintiffs' consent," and that "Defendant Dealer sold said mobile home without authorization of the Plaintiffs." Each of the defendants separately answered the complaint. Iseman filed a

counterclaim against the Kaylors alleging breach of contract.

On March 5, 1984, Iseman filed with the district court a "Statement for Indemnity of the Seller," wherein, pursuant to Section 28–01.1–07, N.D.C.C., Gerring was "asked to assume the costs of defense of this action and any liability that may be imposed on the seller." Section 28–01.1–07, N.D.C.C., which enables retailers to recover their costs of defense in products liability actions under certain circumstances, reads as follows:

*"Indemnity of seller.* If a product liability action is commenced against a seller, and it is alleged that a product was defectively designed, contained defectively manufactured parts, had insufficient safety guards, or had inaccurate or insufficient warnings; that such condition existed when the product left the control of the manufacturer; that the seller has not substantially altered the product; and that the defective condition or lack of safety guards or adequate warnings caused the injury or damage complained of; the manufacturer from whom the product was acquired by the seller shall be required to assume the cost of defense of the action, and any liability that may be imposed on the seller."

On September 14, 1984, Iseman moved the district court for an order directing Gerring to pay all costs and attorneys' fees incurred by Iseman for its defense. In an "Order for Indemnity Judgment," dated September 19, 1984, the district court granted Iseman's motion and in so doing made the following findings and conclusions:

"The plaintiffs (Kaylors) stipulated to a dismissal of their claims against Iseman Mobile Homes (Iseman) and Gerring Industries, Inc. (Gerring).[1] Iseman and Gerring stipulated that the remaining issues could be tried to the Court without a jury. ...

\* \* \* \* \* \*

"This Court, upon all of the records, testimony and evidence finds that this is a product liability action in which the difficulties claimed by the Kaylors arose out of manufacturing defects by Gerring. The defects were a part of the mobile home manufactured by Gerring and existed at the time the product left the control of Gerring.

"The Court further finds that Iseman did not substantially alter the product after receipt of the product by Iseman as a retailer and its delivery of the product to the Kaylors.

"The Court further finds that Iseman is a 'seller' and that Gerring is a 'manufacturer' within the meaning of N.D.C.C. 28–01.1–06.

"This Court concludes that because Iseman was a seller 'free of fault' it is entitled to reasonable costs and attorneys' fees from the manufacturer Gerring pursuant to N.D.C.C. 28–01.1.

"This Court finds that the sum of $3,950 is a reasonable sum for attorneys' fees and costs for Iseman in their defense and that the actual sum paid or to be paid to Iseman is equal to or exceeds said reasonable sum.

"This Court therefore orders judgment in favor of Iseman against Gerring for the reasonable sum of the defense, and without other statutory costs."

In essence then, the trial court in finding Iseman free of fault found no merit in any of the claims that were asserted against Iseman.

On appeal, Gerring asks this Court to reverse the trial court's award of costs and attorneys' fees to Iseman. Gerring contends (1) that the indemnity requirement of Section 28–01.1–07 is not applicable where independent acts of negligence have been alleged against the seller, and (2) that Gerring should not be liable, assuming Section 28–01.1–07 is applicable, for costs and attorneys' fees Iseman incurred before its tender of defense to Gerring.

---

1. In an order dated September 28, 1984, the district court dismissed with prejudice the Kaylors' complaint and Iseman's counterclaim pursuant to the parties' stipulation of dismissal.

As an essential presupposition to its first contention, Gerring maintains that Section 28–01.1–07 is "essentially a codification of the common-law rule of indemnity," as set forth in 42 C.J.S. *Indemnity* § 24, and *Sorenson v. Safety Flate, Inc.*, 306 Minn. 300, 235 N.W.2d 848 (1975):

"'If a party is obliged to defend against the act of another, against whom he has a remedy over, *and defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own,* he may notify such party of the pendency of the suit and may call upon him to defend it; if he fails to defend, then, if liable over, he is liable not only for the amount of damages recovered, but for all reasonable and necessary expenses incurred in such defense.' Only in such case is there a right to recover such expenses." *Sorenson*, 235 N.W.2d at 851, quoting *Fidelity & Cas. Co. v. Northwestern Tel. Exch. Co.*, 140 Minn. 229, 233, 167 N.W. 800, 802 (1918) [Emphasis added.]

Thus, Gerring argues that Iseman should be denied the right to indemnity under Section 28–01.1–07, because allegations were made by the Kaylors in their complaint of tortious conduct on the part of Iseman which were independent of the product defect claim. Gerring argues that in determining whether or not the common-law rule of indemnity applies, courts have generally looked to the allegations in the pleadings; that in the instant case "even if the conversion and punitive damage allegations were determined to be of little substance, the fact that they were made, not their probability of successful prosecution, is the important factor in determining whether indemnity should be allowed."

Gerring refers us to our decision in *Conrad v. Suhr*, 274 N.W.2d 571 (N.D.1979), a case decided by this Court prior to the Legislature's enactment of Section 28–01.-1–07. In *Conrad*, we affirmed the trial court's denial of attorneys' fees, costs and expenses to a seller defending a products liability action which included allegations by the plaintiff of the seller's own negli-

gence. In so doing we concluded that it was sufficient, to support the trial court's disallowance of costs and attorneys' fees, that the seller "defended against any allegations of his own negligence, of his own warranty, or of his own strict liability." 274 N.W.2d at 578. Gerring relies particularly on the following language from *Conrad:*

"[W]e express the view that the pleadings are an integral part of litigation and that in determining whether or not a party may be indemnified for his attorneys' fees and costs, the court may examine the pleadings to determine whether or not the party seeking indemnification from another was exclusively or partially defending against allegations of his own negligence, his own warranty, or of strict liability." *Id.*

It is well-established in this state that "there is no common law in any case where the law is declared by the code." § 1–01–06, N.D.C.C. *See, e.g., Wagner Bros., Inc. v. City of Williston*, 335 N.W.2d 328, 331 n. 3 (N.D.1983); *Dorgan v. Kouba*, 274 N.W.2d 167, 169 (N.D.1978).

In *Winkler v. Gilmore & Tatge Mfg. Co., Inc.*, 334 N.W.2d 837, 841 (N.D.1983), we noted that the enactment of Section 28–01.-1–07 "was apparently, in part, a response to our denial of attorney fees and costs to sellers defending products liability actions in *Conrad.*" *Winkler* involved a suit brought by a person who was injured while descending a ladder on a grain dryer. The suit was brought for personal injuries and consequential damages against the manufacturer, a seller, a distributor, and a retail seller of the grain dryer. The pleadings in that case alleged that the defendants were strictly liable in tort and that they had breached implied warranties of merchantability and fitness for a particular purpose. Defendant Gilmore, a seller, was found by the jury in a special verdict to be without fault. The trial court granted Gilmore's motion for an order directing the manufacturer to pay all costs and attorneys' fees incurred by Gilmore for its defense.

In *Winkler,* we discussed several existing ambiguities in Section 28–01.1–07, including whether a manufacturer must be found negligent and the seller absolved from liability before the seller can seek indemnity. We resolved this question as follows:

"After reviewing the applicable legislative history it appears that the intent of § 28–01.1–07, NDCC is to allow indemnity in those cases where only the manufacturer is found liable and the seller is absolved. To hold otherwise would require us to construe § 28–01.1–07 as requiring every manufacturer named in a products liability action to bear the costs of defense, whether or not it is found liable. The rules of statutory interpretation militate against such an 'absurd' result. ... The availability of costs and attorney fees thus depends upon the findings of the trier of fact rather than upon the allegations made in the parties' pleadings. Therefore, even though the pleadings contain each allegation enumerated in § 28–01.1–07, NDCC, the seller may not recover costs unless the trier of fact attributes none of the fault to the seller. ... [4. We agree with the observation of the Supreme Court of Iowa:

'[The availability of costs] as between indemnitor and indemnitee should not rest on the presence or absence of such pleading by a third party, who through an overabundance of caution or optimism alleges more (or less) than he can prove. The decision must be made on the facts as found by the trier thereof.' *Peters v. Lyons,* 168 N.W.2d 759, 770 (Iowa 1969).]"

*Winkler,* 334 N.W.2d at 841.

Gerring attempts to factually distinguish *Winkler* on the basis that the action in *Winkler* did not involve separate and distinct allegations by the plaintiff of independent, tortious conduct against the seller, and argues that a seller should be denied indemnity from a manufacturer if (1) the pleadings show that the seller was defending exclusively or partially against allegations of his own misconduct, *or* (2) if the trier of fact finds that the seller was partially or wholly at fault. We disagree.

■ The purpose of Section 28–01.1–07, N.D.C.C., is to " 'relieve' North Dakota retailers of products liability suits that they are subjected to merely because the retailer sold the product," and where " 'there is no indication that he [the retailer] is liable.' " *Winkler,* 334 N.W.2d at 841, quoting Hearings on House Bill No. 1589 Before the Committee on Industry, Business, and Labor, 46th Legislative Assembly of North Dakota (1979) (statement of Mike Unhjem, Representative, Jamestown, ND). Consequently, the statute should be liberally construed toward accomplishing this objective and "promoting justice." § 1–02–01, N.D.C.C.; *Hopkins v. McBane,* 359 N.W.2d 862, 865 (N.D.1984); *Meadow Fresh Farms, Inc. v. Sandstrom,* 333 N.W.2d 780, 783 (N.D.1983). In *Winkler,* we construed Section 28–01.1–07 as to condition the availability of costs and attorneys' fees upon the findings of the trier of fact rather than upon allegations made in the parties' pleadings. This construction of Section 28–01.1–07 was necessary in order to effectuate the legislative intent to allow indemnity only in those cases where the manufacturer is found liable and the seller is absolved. This appeal involves just such a case. We have reviewed the record and transcript of trial and conclude that the trial court's findings, including the finding that Iseman was a seller "free of fault," are not clearly erroneous.[2] Thus, the court

---

**2.** At a hearing on Iseman's motion for indemnity held September 18, 1984, evidence was presented by Iseman establishing the existence of a faulty connection made by Gerring on a hot water pipe which apparently caused a considerable amount of water damage to the Kaylors' mobile home. Iseman also introduced at the hearing the following deposition testimony of Virgil Kaylor concerning Iseman's resale of the home:

"Q When you moved out, what did you intend to do with the Forest Park mobile home?

"A Hoping Iseman was going to sell it for us—resell it.

"Q Had you talked to them yourself?

"A Yes, many times.

did not err in ordering Gerring to pay reasonable attorneys' fees and costs incurred by Iseman for its defense.

We also find no merit to Gerring's summary contention that Iseman, "a less than diligent seller," should be estopped from claiming the right to attorneys' fees or costs incurred prior to its tender of defense to Gerring. The statutory indemnification provisions of Chapter 28–01.1, N.D.C.C., do not require a tender of defense from the seller to the manufacturer as a condition upon the seller's right of indemnity for reasonable attorneys' fees and costs incurred by the seller in defending a product liability action.

The judgment is affirmed.

VANDE WALLE, LEVINE and GIERKE, JJ., and VERNON R. PEDERSON, S.J., concur.

PEDERSON, S.J., sitting in place of MESCHKE, J., disqualified.

"Q   When had you talked to them?
"A   Oh, different dates about the mobile home.
"Q   Who had you talked to?
"A   Wayne Herrly.
"Q   And what had you asked him to do?
"A   What they were going to do with the trailer. He said, 'We are going to try to see if we can resell it for you.'

"Q   Did you want him to?
"A   Yes.
"Q   Did you feel that was the best way to get the best market price for it?
"A   Yes.
"Q   Okay. Did you expect them to pick up the mobile home to resell it?
"A   Yeah."