727 P.2d 1285

Norman E. **SPIDELL**,
Plaintiff-Respondent,

v.

Jeffrey C. **JENKINS**,
Defendant-Appellant.

No. 16206.

Court of Appeals of Idaho.

Oct. 31, 1986.

858

Byron Meredith of William J. Brauner, P.A., Caldwell, for defendant-appellant.

Dean J. Miller of Gigray, Miller, Downen, Weston & Pasley, Caldwell, for plaintiff-respondent.

SWANSTROM, Judge.

Jeffrey Jenkins appeals from a district court order refusing to grant him attorney fees under former I.C. § 12–120(2) as the prevailing party in a suit to collect a debt allegedly evidenced by a note. The issue raised is whether the written instrument is indeed a "note" within the statute or is a contract (other than for the sale of goods) outside the statute. The district court held it to be a contract. We hold it to be a note. Accordingly, we reverse the court's denial of attorney fees and we award attorney fees on appeal to Jenkins.

Jeffrey Jenkins and Norman Spidell entered into an agreement under which Spidell promised to perform specified services before a certain date and Jenkins promised to pay Spidell $8,500 due in full on that date. Spidell drafted, and both parties signed, the following instrument:

PROMISSORY NOTE

$8,500.00            December 13, 1982

1. I, Norman E. Spidell, promise to provide the following to Jeffrey C. Jenkins, after this date to December 1, 1983.

    A. All technical and professional advice required to ensure a smooth transition sale of my custom combining business for the 1983 harvest year.

    B. Proper and businesslike coordination with all former and prospective customers, insofar as the weather, crops and machinery availability time allows.

    C. To make recommendations as to the proper prices to charge for work accomplished and to assist in making collections if and when necessary.

PROMISSORY NOTE

$8,500.00            December 13, 1982

    D. To allow Jeffrey C. Jenkins to utilize a designated portion of my real estate . . . to store the equipment listed below . . . .

    E. . . . [five items of equipment listed].

2. I, Jeffrey C. Jenkins, after date, for value received, promise to pay to Norman E. Spidell or Lennette M. Spidell of Route 5, Box 5324, Nampa, Idaho 83651, the sum of EIGHT THOUSAND FIVE HUNDRED DOLLARS ($8500.00) interest free, from date until December 1, 1983, at which time the note will be payable in full.

[signature]
Norman E. Spidell

[signature]
Jeffrey C. Jenkins

When the money came due, Jenkins refused to tender payment because he believed Spidell had failed to perform most of the promised services. Spidell sued for payment. The jury found for Jenkins, and the court awarded him costs. Jenkins' subsequent motion for attorney fees was denied, and Jenkins appealed. He contends that the written agreement qualifies as a "note," bringing Spidell's suit for recovery within the provisions of I.C. § 12–120(2).[1]

Section 12–120(2) mandates an award of attorney fees to the prevailing party in a civil action "to recover on an open account, account stated, note, bill [or] negotiable instrument...." Generally, a note is an instrument containing an express promise to pay a specified sum of money at a definite time or on demand to a named party, to order or to bearer. BLACK'S LAW DICTIONARY 956 (5th ed.1979). No particular form is necessary, provided the writing meets the minimum statutory requirements. 11 AM.JUR.2d *Bills and Notes* § 58 (2d ed. 1963). The Idaho Uniform Commercial Code (UCC) defines "note" only in the form of a "negotiable instrument," I.C. § 28–3–104, but the code makes it plain that a note may be either negotiable or non-negotiable. For example, where, as here, the note is payable to specific persons, rather than to order or to bearer, the note is non-negotiable, *Carpen-*

---

1. I.C. § 12–120 was amended, effective July 1, 1986, after judgment in this case had been entered by the trial court. All our references are to the pre–1986 statute.

*ter v. Payette Valley Co-op*, 99 Idaho 143, 578 P.2d 1074 (1978), but it does not lose its character as a note. I.C. § 28–3–805. Likewise, the statute providing for attorney fees, I.C. § 12–120, separately lists "note" and "negotiable instrument."

■■■ Spidell argues that the instrument in this case was not truly a "note" because it impliedly conditioned Jenkins' promise to pay upon Spidell's executory promise of performance. We believe the argument may confuse the elements of "note" with those of a negotiable instrument. Idaho Code § 28–3–104(1)(b) provides that a negotiable instrument must contain an unconditional promise to pay. It does not necessarily follow that a "note" must be unconditional. Under the UCC a note may or may not be negotiable. I.C. § 28–3–104(3). At most, the UCC suggests that a "note" cannot contain an express condition. The comment to I.C. § 28–3–805 states, for example, that "a writing, such as a note containing an express condition, which is not negotiable ... [is] to be treated as a simple contract." But we need not decide today whether this comment authoritatively delimits a "note" outside the UCC context. For even if we assume that a "note" may not contain an express condition, it would not affect the outcome in this case.

Idaho Code § 28–3–105(1) provides in part:

A promise or order otherwise unconditional is not made conditional by the fact that the instrument

(a) is subject to implied or constructive conditions; or

(b) *states its consideration*, whether performed or promised, or the transaction which gave rise to the instrument, or that the promise or order is made or the instrument matures in accordance with or "as per" such transaction;....

[Emphasis added.]

Here, the instrument does not expressly excuse Jenkins' promise if Spidell fails to perform, and Jenkins does not expressly promise to pay only "if" Spidell does perform. The recital of Spidell's promise is, at

most, a statement of consideration for Jenkins' promise. Section 28–3–105(1)(b) allows promised consideration, given in return for a promised payment, to be stated in the instrument without making the promise to pay conditional. Of course, failure of consideration might be a defense to an action on the "note," but the statement of consideration is not an express condition converting the "note" to an ordinary contract. We hold that the instrument in this case is a "note."

■■ We now turn to the question of attorney fees. As stated above, I.C. § 12–120(2) mandates an award of reasonable attorney fees, set by the court, to the prevailing party in a civil action brought to recover on a note. Because Jenkins successfully defended against the action for recovery on the note, he is entitled to reasonable attorney fees.

■■ In determining the *amount* of attorney fees to award under I.C. § 12–120, a district court is vested with discretion. *DeWils Interiors, Inc. v. Dines*, 106 Idaho 288, 678 P.2d 80 (Ct.App.1984). While the district court denied Jenkins' request for attorney fees, the court determined that, in the event an appellate court should hold Jenkins was entitled to an award, a reasonable fee would be one-half of Jenkins' requested amount of $8,259. On appeal, Jenkins challenges this "contingent" ruling, contending that the trial court abused its discretion in reducing the requested amount.

■■ Spidell urges that the judge's determination of what would be a reasonable fee for Jenkins is not properly an issue before us because no formal order fixing the amount of fees has yet been entered. We recognize that recorded remarks from the bench are not the equivalent of written findings of fact. *Sorenson v. Adams*, 98 Idaho 708, 571 P.2d 769 (1977). Nevertheless, the record is clear and adequate in this case for the purpose of our review of the district court's discretionary ruling.

Accordingly, nothing would be gained by a remand solely for the purpose of having the district judge formalize his ruling, before the case is again submitted to us for review. We will address that ruling for the purpose of providing guidance to the parties on remand.

■ Anticipating possible reversal, the lower court detailed the factors it considered in determining the amount of fees that should be awarded. Those factors stem directly from I.R.C.P. 54(e)(3). The court was free to determine the reasonableness of the time and labor amounts it ultimately reduced. *Craft Wall of Idaho, Inc. v. Stonebraker*, 108 Idaho 704, 701 P.2d 324 (Ct.App.1985). We believe the court gave adequate consideration to the proper factors. We conclude that no abuse of discretion has been shown.

■ In general, Idaho Code § 12–120 mandates an award of attorney fees to the prevailing party on an appeal as well as in the trial court. *Cheney v. Smith*, 108 Idaho 209, 697 P.2d 1223 (Ct.App.1985); *Boise Truck & Equipment, Inc., v. Hafer Logging, Inc.*, 107 Idaho 824, 693 P.2d 470 (Ct.App.1984). When an appeal concerns attorney fees alone, such an award will be made to the prevailing party if the issue on appeal includes the *entitlement* to a fee award below and is not limited to the *amount*. *DeWils Interiors v. Dines, supra*. Here, we deem Jenkins to have prevailed on appeal. Accordingly, we hold that he is entitled to costs and an award of fees to be determined by this court under Rule 41(d), I.A.R.

We reverse the trial court's order denying attorney fees. We remand this case for modification of the judgment to include an award of reasonable attorney fees for Jenkins as determined by the trial court. Costs and attorney fees on appeal to appellant, Jenkins.

WALTERS, C.J., and BURNETT, J., concur.