742 P.2d 434

Jay K. DEXTER, Petitioner-Appellant,

v.

The IDAHO FALLS CITY POLICE DE-PARTMENT, and the Civil Service Commission, Respondents.

No. 16504.

Court of Appeals of Idaho.

Sept. 1, 1987.

Marvin R. Stucki, Idaho Falls, for petitioner-appellant.

Dale W. Storer, Idaho Falls City Atty., Idaho Falls, for respondents.

WALTERS, Chief Judge.

Jay Dexter was terminated from his employment as a police officer with the City of Idaho Falls for allegedly committing an act "tending to injure the public service," in violation of a rule of the Idaho Falls Civil Service Commission. The Commission's order confirming Dexter's discharge was upheld on appeal to the district court. We also affirm.

The facts are as follows. In 1980, Jay Dexter was hired as a police officer by the City of Idaho Falls. For almost four years Mr. Dexter performed his duties in a satisfactory manner. On October 30, 1984, a report of off-duty abusive behavior by Mr. Dexter towards his stepchildren was received by the Chief of Police. An investigation was then conducted by a city detective. Based upon the investigation, the Chief of Police decided that Dexter's off-duty conduct amounted to an act "tending to injure the public service," in violation of a Commission rule. As a result, the Chief of Police issued a letter terminating Dexter's employment. Dexter requested a hearing before the Commission. At the hearing, the full Commission listened to testimony presented by Dexter and by the City. The Commission found that Dexter's infliction of physical injury upon his stepchildren, in his capacity as a parent, adversely reflected upon his calling as an officer of the law and thus cast serious doubt upon his ability to perform his duties as a policeman. As noted, the Commission's determination was upheld in an appeal to the district court.

Mr. Dexter challenges the district court's decision by raising the following issues. First, he contends the Commission did not make specific findings as required by I.C. § 50–1609. Second, he argues that the findings made by the Commission were not supported by substantial evidence. Finally, Dexter urges the investigation conducted by the police department was coercive and violated his constitutional right to privacy.

I

■ Dexter first asserts that the district court erred in upholding the Commission determination because the Commission failed to make specific findings mandated by I.C. § 50–1609. In respect to the duties of the Commission, the statute provides:

In conducting such investigation, the commission shall be confined to the determination of the question as to whether such removal, suspension, demotion or discharge was made for political or religious reasons, or was made in good faith and for cause. All investigations made by the commission pursuant to the provisions of this section shall be by public hearing after reasonable notice to the accused of the time and place of such hearing. At such hearing the accused shall be afforded an opportunity of appearing in person or by counsel and presenting his defense.

Following the hearing before the Commission, a written decision was released by the Commission, stating in pertinent part:

It is the unanimous Judgment and Order of the Civil Service Commission, that the discharge of Officer Jay Dexter was not made for political or religious reasons but was made by Chief Pollock in good faith and for cause and is, therefore, sustained.

Subsequently, the Commission entered formal Findings of Fact and Conclusions of Law. In these findings the Commission determined that Dexter used excessive force when disciplining his stepchildren, causing injuries to those children; that Dexter's actions demonstrated an inability to control his temper and an inability to react appropriately as a result thereof; and that Dexter's inability to control his temper cast serious doubt upon his ability to perform his duties as a police officer. The Commission concluded that Dexter's demonstrated inability to control his temper when confronted with relatively insignificant provocation cast significant doubt upon his ability to perform his job duties; that no evidence was presented suggesting Dexter was discharged for political or religious reasons; and that Dexter was discharged in good faith and for cause. We

hold these findings comport with the requirements of I.C. § 50–1609.

The district court's review of the Commission's determination is likewise limited by the same statute:

> The court of original and unlimited jurisdiction in civil suits shall thereupon proceed to hear and determine such appeal in a summary manner; provided, however, that such hearing shall be confined to the determination as to whether the judgment or order of removal, discharge, demotion or suspension by the commission, was made in good faith and for cause, and no appeal to such court shall be taken except upon such grounds or grounds.

This review process has been long accepted in this state. *See Local 1494 of the International Association of Firefighters v. City of Coeur d'Alene*, 99 Idaho 630, 586 P.2d 1346 (1978).[1] We hold that the Commission made findings which complied on their face with the governing statute.

## II

▇▇▇ Next we turn to the question of whether the Commission's findings were supported by substantial evidence and were sufficient to support the conclusion that Dexter's conduct tended to "injure public service." As the City correctly notes, the Supreme Court has held that factual findings not clearly erroneous will be accepted on appeal where they are supported by substantial, competent though conflicting evidence. *Circle C Ranch Company v. Jayo*, 104 Idaho 353, 355, 659 P.2d 107 (1983). In respect to judicial review of an agency's findings, our Supreme Court has held: "Put simply, the substantial evidence rule requires a court to determine 'whether [the agency's] findings of fact are reasonable.' " *Local 1494, supra* at 634, 586 P.2d at 1346, *quoting* 4 DAVIS, ADMINISTRATIVE LAW TREATISE § 29.01–02 at 114–

26 (1958). Evidence was presented to the Commission establishing that Dexter had physically and injuriously abused his stepchildren. Other evidence was presented by Dexter that he was able to control his temper in stressful situations not involving discipline of his stepchildren. No evidence was presented to show that Dexter was discharged for political or religious reasons, but instead the evidence showed his termination was in good faith and for cause. Applying the *Local 1494* test, we hold the Commission's findings are reasonable and are supported by substantial and competent evidence. It follows that the court below was correct in upholding the Commission's determination that the discharge of Mr. Dexter was made in good faith and for cause.

## III

▇▇▇ Finally, Dexter contends that the investigation by the City police department was coercive and as such constituted an unconstitutional invasion of his right to privacy. However, in response the City submits that this issue was not presented either to the Commission or before the district court on review of the Commission's action. After reviewing the record, we agree with the City's position. It is well settled that issues not raised in the proceedings below, but asserted for the first time on appeal, will not be considered or reviewed. *Baldner v. Bennett's, Inc.*, 103 Idaho 458, 460, 649 P.2d 1214 (1982). We therefore decline to determine whether Dexter is entitled to any relief on this issue.

In summary, we find the Commission made specific findings in the determination hearing concerning the discharge of Mr. Dexter. Those findings were not erroneous, were reasonable and were supported

---

**1.** We note that, in *Local 1494*, our Supreme Court said the controlling statute, I.C. § 50–1609, does *not* mandate findings by the commission. 99 Idaho at 638, 586 P.2d at 1354. However, we also note the desirability of producing findings by an agency.

> The reasons have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearing and judicial review, and keeping agencies within their jurisdiction.
>
> 2 DAVIS, ADMINISTRATIVE LAW TREATISE § 16.05, at 444 (1958).

by substantial evidence. The district court was correct in limiting its scope of review to the questions of good faith and dismissal for cause. The order of the district court is affirmed. Costs to respondent, City of Idaho Falls; no fees on appeal.

SWANSTROM, J., concurs.

BURNETT, Judge, specially concurring.

In deciding whether a public employee has been discharged for cause, a court is not limited to identifying a nexus between the employee's conduct and a standard promulgated by the employer. Rather, the court should examine the standard itself to determine whether it impermissibly intrudes upon any legally protected interest. Here, "tending to injure the public service" is an exceptionally broad standard. It harbors a potential for infringing upon a constitutionally protected liberty interest—i.e., the right to privacy. If such an intrusion occurs, the employee's right to privacy must be balanced against the public interest embodied in the employer's standard.

In this case, the employee has argued that his conduct—injuring two young children in his home—was within the scope of a right to privacy and did not significantly impact upon the public interest in maintaining the integrity of law enforcement. I disagree with the employee's basic premise. Substantial physical injury to children is not protected by any privacy interest. But even if it were, I would not disturb the Civil Service Commission's implicit determination that the public interest in the integrity of law enforcement should be given prevailing weight in this case. Accordingly, I join in upholding the Commission's action.