796 P.2d 142

**MELDCO, INC., a Montana Corporation, ·Plaintiff–Respondent,**

v.

**HOLLYTEX CARPET MILLS, INC., an Oklahoma Corporation, Defendant–Appellant,**

and

**Byron Mason d/b/a Mason's Floor Covering, Defendant–Respondent.**

**No. 18137.**

Court of Appeals of Idaho.

July 17, 1990.

Benoit, Alexander, Sinclair, Doerr, Harwood & High, Twin Falls, for appellant. Robert M. Harwood, argued.

Hepworth, Nungester & Lezamiz, Twin Falls, for respondent Meldco. Micky D. Hodges, argued.

Nelson, Rosholt, Robertson, Tolman & Tucker, Twin Falls, for respondent Mason. G. Richard Bevan, argued.

McQUADE, Judge, Pro Tem.

This appeal arises from a dispute between a motel operator and a carpet manufacturer. The central issue on appeal is whether the trial court erred in finding that the manufacturer breached an implied warranty of merchantability. We also address the ancillary issues concerning the trial court's award of prejudgment interest and attorney fees. We affirm the judgment except with respect to the award of prejudgment interest.

The essential facts are as follows. During the summer of 1986, Meldco, Inc. undertook to construct a Super 8 Motel and asked Byron Mason, doing business as Mason's Floor Covering, to solicit bids for carpet in the new motel. Having previous experience with the product Hollytex First Flight carpet, Mason approached the territorial sales representative for Hollytex Carpet Mills and inquired about the carpet. Following a series of discussions between Mason, the territorial representative and the carpet mill, Mason placed an order for blue and for mauve colored Hollytex First Flight carpet.

During August and early September of 1986, Hollytex delivered the carpet to Meldco's motel. Mason installed blue colored First Flight carpet in the single occupancy rooms and mauve colored First Flight carpet in the double occupancy rooms.

The motel opened in November 1986. The rate of occupancy in the blue carpeted rooms exceeded that of the mauve carpeted rooms. However, within sixty to ninety days Meldco noticed that the mauve First Flight carpet appeared to wear poorly, would not respond to vacuuming, and was generally unsightly. Meldco promptly advised Mason. Upon inspection, Mason noted that the mauve carpet showed evidence of cornrowing and had "uglied out."[1] In contrast, the condition of the more heavily used blue colored carpet maintained an acceptable appearance. Mason concluded that because of its unusual and unacceptable wear, the mauve colored carpet needed to be replaced.

Mason notified Hollytex of the problem and requested an inspection. After some delay, a sales representative from Hollytex responded and made an inspection of the carpet. His observations and conclusions paralleled those of Meldco and Mason, and he recommended to Hollytex that the mauve carpet be replaced. Claims processing languished, however, and on November 10, 1987, Meldco filed a formal complaint with Hollytex. On December 3, 1988, Hollytex denied the claim. Meldco subsequently brought this action against Hollytex and Mason, seeking the replacement costs of the carpet.

Following trial without a jury, the district court found that the carpet was unfit for the ordinary purposes for which it was to be used, and held that Hollytex had breached an implied warranty of merchantability, I.C. § 28-2-314.[2] The district court absolved Mason of all liability, finding that the ultimate responsibility for selecting the

First Flight rested with Hollytex. The district court awarded damages to Meldco measured as the cost of replacing the carpet, including installation. Finding the damages amount to be an ascertainable sum, the court awarded Meldco prejudgment interest accruing at the time of delivery. The court also awarded attorney fees to Meldco as the prevailing party under I.C. § 12-120, and to Mason under the retailer indemnity provision, I.C. § 6-1307.

On appeal, Hollytex maintains that the evidence does not support the district court's finding of breach of warranty. Hollytex asserts (1) that Meldco failed to present sufficient evidence of a product defect to support a finding of breach of implied warranty; (2) that because the carpet was classified as "residential" it was not put to its "ordinary purposes" when installed in motel rooms; (3) that Meldco failed to show privity of contract; and (4) that it did not receive timely notice of the breach. Hollytex also challenges the award of prejudgment interest contending that the court incorrectly determined the date of accrual. Finally, Hollytex disputes the amount of attorney fees awarded to Meldco and to Mason as excessive. For the reasons stated below, we vacate the award of prejudgment interest, affirm the remainder of the judgment, and remand the case to the district court.

## BREACH OF WARRANTY

Preliminarily, we note our standard of review. In reviewing the district court's findings of fact, we employ a clear error standard; clear error will not be found to exist if the findings are supported by substantial evidence. *Treasure Valley Plumbing and Heating, Inc. v. Earth Resources Co., Inc.*, 115 Idaho 373, 766 P.2d 1254 (Ct.App.1988). We exercise free review with respect to the application of law

---

1. "Cornrowing" is a condition whereby carpet fibers separate along the installed mat, giving the appearance of a "corn row." "Uglying out," a term used within the carpet industry, indicates that, although the carpet fiber has not actually disintegrated, the carpet is in such a state of appearance as to require replacement.

2. Because we find this claim to be dispositive, we need not address the district court's alternative findings of breach of an implied warranty of fitness for a particular purpose and breach of an express warranty.

to the facts found. *Baldwin v. Leach*, 115 Idaho 713, 769 P.2d 590 (Ct.App.1989).

 We first address the issue of breach of an implied warranty of merchantability. For purposes of this action, merchantability means that the carpet had to be fit for the ordinary purposes for which it was to be used. I.C. § 28–2–314(2)(c); *Duff v. Bonner Building Supply, Inc.*, 103 Idaho 432, 434, 649 P.2d 391, 393 (Ct.App. 1982), *aff'd*, 105 Idaho 123, 666 P.2d 650 (1983). Hollytex avers that Meldco failed to prove that the carpet was unmerchantable, contending specifically that Meldco failed to establish the existence of any defect causing the carpet to fail. However, in *Dickerson v. Mountain View Equipment Co.*, 109 Idaho 711, 710 P.2d 621 (Ct.App.1985), we recognized that, although proof of a defect generally supports a finding of unmerchantability, such proof is not required. In *Dickerson*, we stated that the appropriate test for determining a product's merchantability is to examine whether the product was unmerchantable at the time of delivery. *Id.*, 109 Idaho at 716, 710 P.2d at 626. In arriving at its determination of this issue, the district court may properly infer the unmerchantability of a product from circumstantial evidence. *Verbillis v. Dependable Appliance Co.*, 107 Idaho 335, 689 P.2d 227 (Ct.App.1984).

 At trial Hollytex offered evidence to show that both the blue and the mauve colored carpets it delivered to Meldco were manufactured by identical processes at the Hollytex carpet mill. Hollytex maintains that Meldco's excessive cleaning of the lighter colored mauve carpet—and not a manufacturing defect—explains the disparity between the appearance of the two carpets. However, the evidence Meldco presented indicated that both carpets had been placed on the same cleaning schedule, and that the cleaning process employed was identical for both carpets. The district court found no misuse of the carpet by Meldco and determined that the product was unmerchantable at the time of delivery. The district court's findings are supported by substantial, albeit conflicting, evidence and we decline to disturb them on appeal. I.R.C.P. 52(a); *Seaport Citizens Bank v. Dippel*, 112 Idaho 736, 735 P.2d 1047 (Ct.App.1987).

Hollytex further asserts that the First Flight carpet, designed and labeled as "residential," was intended for residential use and that it *was* fit for *that* purpose. However, the question of whether the carpet, classified as "residential," was put to its "ordinary use" when installed in motel rooms is not dispositive under these facts. The carpet became unsightly in a very short period of time, and the district court found that the carpet had not been subjected to unusually heavy use during this period. Moreover, the blue carpet, also classified as "residential," had been used more heavily than the mauve carpet and remained in an acceptable condition. From these facts, we believe that the district court could reasonably infer that the carpet would not have been fit for *any* of its ordinary purposes at the time of delivery. Accordingly, we uphold the court's determination that the implied warranty of merchantability was breached.

 We next address Hollytex's assertion that the notice of the breach was untimely. Idaho Code provides that, in a breach of warranty action, a buyer "must within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy." I.C. § 28–2–607(3)(a). The notice provision does not require any particular form of communication; therefore it is not fatal to Meldco's claim that one year elapsed before *written* communication of the breach occurred. Rather, the issue turns on whether notification was made within a reasonable time and is a question of fact for the trial court. *See Full Circle, Inc. v. Schelling*, 108 Idaho 634, 701 P.2d 254 (Ct.App.1985).

The record indicates that Meldco noticed problems with the mauve carpet within two to three months of opening the motel, and then called Mason. Mason immediately inspected the carpet and observed its unacceptable condition. Mason testified at trial that he then placed several inspection requests with Hollytex before receiving any

response. While the district court did not make a specific finding of timely notice, we can infer such a finding from its statement that Mason notified Hollytex "very shortly" after he inspected the carpet. *See e.g., Nab v. Nab,* 114 Idaho 512, 757 P.2d 1231 (Ct.App.1988). Furthermore, although the record does not isolate the exact date on which Hollytex first received notice, we hold that evidence sufficiently supports a finding that notice was given within a reasonable time.

Hollytex also raises the question of privity of contract. However, our examination of the record reveals that Hollytex failed to raise the issue before the trial court. We therefore hold that this issue was not properly preserved for appeal, and accordingly we will not address it here. *Dexter v. Idaho Falls City Police Dept.,* 113 Idaho 179, 742 P.2d 434 (Ct.App.1987).

## PREJUDGMENT INTEREST

■ We turn now to the issue of prejudgment interest. Hollytex does not contest the propriety of the interest award, but disputes the district court's determination that the interest should run from the date of delivery. Hollytex contends that prejudgment interest should accrue from the time the carpet failed. We agree.

An award of prejudgment interest is proper to fully compensate the plaintiff for loss of the use of money representing his fixed or ascertainable damages. *See* RESTATEMENT (SECOND) OF CONTRACTS § 353 (1981); *Ace Realty Inc. v. Anderson,* 106 Idaho 742, 682 P.2d 1289 (Ct.App.1984); *Hansen v. Rothaus,* 730 P.2d 662 (Wash.1986). Although an action for breach of warranty accrues at the time of delivery, I.C. § 28–2–725(2), that date does not necessarily govern the accrual date for an award of prejudgment interest. Rather, an award of prejudgment interest, in order to fulfill its compensatory purpose, should run from the date the damages amount first becomes "fixed" or "ascertainable." I.C. § 28–22–104; *Reynolds v. American Hardware Mutual Insurance Co.,* 115 Idaho 362, 766 P.2d 1243 (1988).

■ The amount awarded as damages in a breach of warranty action is normally measured as the difference between the value of the goods as warranted and the value of the goods as accepted. I.C. § 28–2–714(2). These values are "fixed," or "ascertainable," at the time of acceptance. *Id.* Thus, in cases where damages are calculated using the differential formula, prejudgment interest should run from the date of acceptance. *See Precision Homes, Inc. v. Cooper,* 671 S.W.2d 924, 930 (Tex.App.1984). However, where the court employs an alternate measurement to proximate a buyer's damages under the statute's "special circumstances" provision, I.C. § 28–2–714(2), the amount of damages may be "fixed" at some later time. *See DeWeber v. Bob Rice Ford, Inc.,* 99 Idaho 847, 590 P.2d 103 (1979); ANDERSON, *Buyer's Damages for Breach in Regard to Accepted Goods,* 57 MISS.L.J. 317, 354–55 (1987). In such cases, the accrual date for prejudgment interest should be adjusted accordingly.

■ In the present case, the district court awarded damages measured as the cost of replacing the failed carpet rather than using the difference-in-value formula. That award reflects Meldco's damages as "fixed" from the time of the carpet's failure, not from the time of breach, and prejudgment interest should properly begin to run from that date. We conclude, therefore, that in a breach of warranty case where damages are a measure of cost of replacement, prejudgment interest should accrue from the date that the product's failure required that the product be replaced. Accordingly, we vacate the district court's award of prejudgment interest and direct the court on remand to recompute the amount of interest consistent with our ruling.

## MELDCO'S ATTORNEY FEES

Hollytex challenges the district court's award of attorney fees to Meldco. Attacking the amount of the award as excessive, Hollytex advances two arguments: first, that the award should reflect the fact that Meldco did not prevail on all of the claims

alleged in the complaint;[3] and second, that the $9,740 attorney fees award is disproportionate to the $11,732 award of damages.

Meldco's complaint based its central claim for relief upon theories of breach of warranty and misrepresentation. The trial court found for Meldco under each of its three warranty theories, but declined to make any findings on the two misrepresentation theories. The court further determined Meldco to be the prevailing party and granted Meldco its reasonable attorney fees pursuant to I.C. § 12–120.

■ The question of what constitutes a "reasonable" attorney fee involves a discretionary determination by the trial court. *Spidell v. Jenkins*, 111 Idaho 857, 727 P.2d 1285 (Ct.App.1986). When reviewing such exercise of discretion on appeal, the appellate court conducts a multi-tiered inquiry. Our inquiry is (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Associates Northwest, Inc. v. Beets*, 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct.App.1987). The inquiry in this case focuses on whether the district court acted consistently with the legal standards applicable to the determination of the amount of the attorney fees award.

■ In its first argument, Hollytex suggests that the district court should have divided Meldco's central claim into prevailing and nonprevailing "theories." We expressly rejected such an approach in *Nalen v. Jenkins*, 113 Idaho 79, 741 P.2d 366 (Ct.App.1987), *appeal after remand*, 114 Idaho 973, 763 P.2d 1081 (Ct.App.1988). There we held that the amount of attorney fees was *not* to be calculated based upon individual prevailing and nonprevailing "theories." Rather, the amount should be determined by the appropriate application of the factors enunciated in I.R.C.P. 54(e)(3).[4] *Nalen v. Jenkins*, 113 Idaho at 82, 741 P.2d at 369. Here, the amount of Meldco's award was properly determined by resorting to Rule 54(e)(3).

■ With respect to Hollytex's second argument, we note that although Rule 54(e)(3)(G) requires the trial court to consider the amount involved in the case and the results obtained, the court is not required to give that factor more weight or emphasis than should be given to the other applicable factors. *Nalen v. Jenkins*, 113 Idaho at 81, 741 P.2d at 368. Moreover, Rule 54(e)(3) nowhere indicates that the amount of an attorney fees award must be proportionate to the size of the damages award. We believe that the work record submitted by counsel for Meldco adequately supports the district court's determination of Meldco's attorney fee award. We conclude that no abuse of discretion has been shown.

### MASON'S ATTORNEY FEES

■ Hollytex also contests the district court's award of costs and attorney fees to Mason. Idaho's product liability statute

---

3. The district court found Hollytex liable on all three of the warranty claims alleged against it. Plaintiff's complaint additionally alleged negligent misrepresentation and intentional misrepresentation, but these claims apparently were neither litigated at trial nor argued to the district court, and the district court's memorandum decision does not mention them.

4. I.R.C.P. 54(e)(3) provides:
 In the event the court grants attorney fees to a party or parties in a civil action it shall consider the following factors in determining the amount of such fees:
 (A) The time and labor required.
 (B) The novelty and difficulty of the questions.
 (C) The skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law.
 (D) The prevailing charges for like work.
 (E) Whether the fee is fixed or contingent.
 (F) The time limitations imposed by the client or the circumstances of the case.
 (G) The amount involved and the results obtained.
 (H) The undesirability of the case.
 (I) The nature and length of the professional relationship with the client.
 (J) Awards in similar cases.
 (K) Any other factor which the court deems appropriate in the particular case.

provides, in pertinent part, that "any manufacturer who refuses to accept a tender of defense from the product seller, shall indemnify the product seller for reasonable attorney's fees and costs incurred by the product seller in defending such action." I.C. § 6–1307(2).[5] Hollytex concedes that it is obligated to indemnify Mason for those expenses Mason incurred in defending against the warranty claims. Hollytex insists however, that it had no duty to defend against allegations of any independent claim against Mason, and therefore it should not be liable for any costs and fees that Mason incurred in defense of the misrepresentation allegations.

> Meldco's complaint reads, in part,
>
> Defendant Mason's representations as to the quality, suitability and adaptability of the carpeting manufactured by defendant Hollytex for plaintiff's commercial motel operation were based on representations made by Hollytex; defendant Mason was acting as the disclosed agent for the defendant Hollytex rendering defendant Hollytex liable for the misrepresentations made by Mason. . . .

Hollytex argues that because no agency relationship existed between them, Mason alone was exposed to liability on the charge. In support of its position, Hollytex relies on the rule that where the trier of fact finds the retailer free of fault, but finds the manufacturer liable, the manufacturer is liable for all the retailer's attorney fees and defense costs, except that the retailer must bear its own costs expended in defense of those claims directed solely against the retailer. *Borchard v. Wefco, Inc.*, 112 Idaho 555, 557, 733 P.2d 776, 779 (1987).

In reviewing the language of the complaint, however, it is apparent that plaintiff's misrepresentation allegations are asserted against *both* Mason and Hollytex. Moreover, the complaint charges Hollytex with primary responsibility for making the

original misstatements. *See May Trucking Co. v. International Harvester Co.*, 97 Idaho 319, 543 P.2d 1159 (1975). Thus, we do not view the allegations to constitute "claims directed solely against the retailer." However, regardless of what interpretation is given to the complaint, our view, as previously stated, is that the mere allegations in a complaint do not dictate whether indemnity will be allowed under the statute. *Wefco, Inc. v. Monsanto Co.*, 111 Idaho 55, 720 P.2d 643 (Ct.App.1986), *reversed on other grounds, Borchard v. Wefco, Inc.*, 112 Idaho 555, 733 P.2d 776 (1987).[6] As we reasoned in *Wefco* where the manufacturer is held liable and the retailer is absolved of liability, the availability of fees and costs "should not rest on the presence or absence of such pleading by a third party, who through an over abundance of caution or optimism, alleges more (or less) than he can prove." *Id.*, citing *Kaylor v. Iseman Mobile Homes*, 369 N.W.2d 101 (N.D.1985). Rather, the availability of costs and attorney fees should be made upon the findings of the trier of fact, and not upon the allegations made in the parties' pleadings. *Wefco*, 111 Idaho at 60, 720 P.2d at 648. Here, the misrepresentation allegations were neither tried nor argued by the parties, nor were they included in the district court's judgment. Thus, such allegations should not influence the amount of Mason's award.

We find the district court exercised its discretion consistent with the applicable legal standards in determining both Meldco's and Mason's reasonable attorney fees awards.

## CONCLUSION

We vacate the district court's award of prejudgment interest, affirm the remainder of the judgment and remand the case with directions. Although our decision gives Hollytex some relief on prejudgment inter-

---

5. The filing of a cross-claim is not a prerequisite to an award under this section, and we reject Hollytex's assertion to the contrary.

6. The Supreme Court in *Wefco* held that the trial court order awarding indemnity was pre-

mature in light of the fact that there had been no determination of the manufacturer's liability on the remaining warranty claim, and reversed and remanded the case for that reason.

est, we nevertheless conclude that Meldco and Mason are the dominantly prevailing parties on appeal. *Spidell v. Jenkins,* 111 Idaho 857, 727 P.2d 1285 (Ct.App.1986). Accordingly, those parties are entitled to further awards of costs and attorney fees under I.C. § 12–120, and I.C. § 6–1307(2), respectively.

BURNETT and SWANSTROM, JJ., concur.