649 P.2d 391

**David DUFF, Plaintiff-Appellant, Cross-Respondent,**

v.

**BONNER BUILDING SUPPLY, INC., an Idaho Corporation, Defendant-Respondent, Cross-Appellant.**

No. 13822.

Court of Appeals of Idaho.

Aug. 4, 1982.

Petition for Review Granted Nov. 2, 1982.

R. Romer Brown, Coeur d'Alene, for David Duff.

Gary A. Finney, Sandpoint, for Bonner Bldg. Supply Co.

WALTERS, Chief Judge.

This case involves a breach of implied warranty of merchantability in the sale of a product. I.C. § 28–2–314. The case was tried in the magistrate division of the district court. The defendant, Bonner Building Supply, Inc., appealed to the district court from the judgment entered by the magistrate in favor of the plaintiff, David Duff. On that appeal the district court entered an order remanding the matter to the magistrate for determination of the percentage of fault attributable to each party and accordingly to reduce the amount of the judgment. Duff appeals from the order of the district court, and Bonner cross-appeals. We *reverse* the order of the district court and *affirm* the judgment entered by the magistrate.

The primary issue before us involves the effect, if any, of negligence on the part of a purchaser in an action for damages resulting from the breach of warranty.[1] Other issues include whether the order appealed from is an appealable order; whether the magistrate, affirmed by the district court, erred in finding a breach of warranty;

whether the magistrate used a proper measure of damages in the judgment for Duff; whether the appeal by Bonner from the magistrate division to the district court should have been dismissed; and allowances of attorney fees.

Bonner Building Supply, Inc., deals in lumber products, selling at retail to contractors and do-it-yourself house remodelers. David Duff purchased tongue-and-groove fir lumber from Bonner for use as wall paneling in his house. He informed Bonner of the intended use. Bonner represented to Duff that the lumber was kiln-dried. According to testimony at trial, kiln-dried lumber should have a relatively low moisture content not exceeding 19%, although it is still acceptable in the industry if up to four out of eighty pieces exceed this figure.

Duff hauled the lumber home and stored it in his garage under cover, as it had been stored at Bonner Building Supply. He installed the paneling himself, beginning soon after he had the lumber at his house and finishing three weeks later. Installation was made by gluing the lumber up with panel adhesive and then fastening it with nails.

Significant shrinkage occurred in the paneling, which Duff noticed in the early fall of the same year it was installed. Some of the individual boards shrank one-half inch in width, enough to pull the wood tongues from their adjacent grooves and to create unsightly gaps between boards in the paneling. Duff sued Bonner for the costs of repair and replacement of the allegedly defective paneling, claiming breach of implied warranty.

After trial, the magistrate concluded that Bonner Building Supply was a merchant of lumber products within the definition of I.C. § 28–2–104(1), and that there was a breach of the implied warranty of merchantability, I.C. § 28–2–314. Neither an express warranty, *see* I.C. § 28–2–313, nor an implied warranty of fitness, *see* I.C. § 28–2–315, was found.

[1] The case arose prior to, and is not governed by, the provisions of the Idaho Product Liability Reform Act, I.C. § 6–1401 et seq.

The magistrate found that the breach resulted because the contract description called for kiln-dried lumber and the moisture content of the lumber sold to Duff exceeded the acceptable moisture content of kiln-dried lumber. However, the magistrate determined that the manner in which Duff installed the paneling "was not in accordance with good and prudent practices" because he failed to equalize the moisture content of the lumber prior to installation. Equalization is accomplished by stacking the lumber for at least two weeks in the room where it is to be installed, with the boards spaced apart so air circulation can equalize the lumber moisture content with the air in the room.

The proximate cause of Duff's damages was determined to be the shrinkage of the lumber due to the evaporation of the excessive moisture content. Duff's method of installation was found by the magistrate not to be a superseding factor, i.e., it did not break the causal connection between the defective product and the damage. Therefore, Bonner Building Supply was ordered to pay damages to Duff for his costs of repair and replacement of the paneling.

On appeal, the district court reviewed the transcript of the trial and affirmed the findings of fact of the magistrate. The magistrate's conclusions of law were also affirmed, with one exception. The district judge ruled that the magistrate erred by failing to apportion the damages between Duff and Bonner Building Supply, in light of the determination that Duff's installation method was not prudent. Holding that the conduct of each party was a causative factor in Duff's loss, the district court remanded the matter to the magistrate for a determination of the percentage of comparative fault attributable to each party, and for a proper adjustment of the damages pursuant to I.C. §§ 6–801, 6–802. Duff now appeals from that order.

### I. Appealability

■ As a preliminary matter, Bonner contends that an appeal of the district court's order of remand should not be allowed. It argues that the resolution of the case is not final and is not appealable because the district court merely returned the case to the magistrate for further findings. Although there may be some merit to this argument, an order of a district court upon appeal, remanding the matter to the magistrate division, is appealable to the Supreme Court as a matter of right, by rule. *See* I.A.R. 11(a)(1).

### II. Breach of Warranty

■ In regard to the warranty cause of action, I.C. § 28–2–314(1) provides that, unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. A merchant is one who deals in goods of the kind involved in the transaction. I.C. § 28–2–104(1). Bonner Building Supply deals in lumber products. We agree with the magistrate's finding that Bonner Building Supply is a merchant in this transaction for the purposes of I.C. § 28–2–314. Because no steps were taken to exclude any implied warranties, an implied warranty of merchantability arose with the sale of the lumber to Duff pursuant to I.C. § 28–2–314(1).

For the purpose of this action, an implied warranty of merchantability means the lumber had to at least pass without objection in the trade under the contract description, I.C. § 28–2–314(2)(a), and the lumber also had to be fit for the ordinary purposes for which it was to be used. I.C. § 28–2–314(2)(c); *Consolidated Supply Company v. Babbitt*, 96 Idaho 636, 534 P.2d 466 (1975); *see also Robinson v. Williamsen Idaho Equipment Company*, 94 Idaho 819, 828, 498 P.2d 1292, 1301 (1972).

■ The burden is upon a plaintiff in a warranty cause of action to show not only the existence of a particular warranty, but also a breach arising from unsuitability of the goods at the time of delivery and a loss proximately caused by such breach. *Martineau v. Walker*, 97 Idaho 246, 247–248, 542 P.2d 1165, 1166–1167 (1975). Here the lumber was contracted to be kiln-dried lumber,

containing a moisture content of not more than 19%. The magistrate found from the evidence that normal shrinkage would not exceed three-eighths of an inch for lumber with 19% moisture content of the width of that sold to Duff. Because some of the lumber sold to Duff shrank up to one-half inch, the magistrate concluded the moisture content exceeded 19% and therefore the lumber did not meet the contract description calling for kiln-dried lumber. Also, because of the excessive shrinkage, the lumber was not fit for the ordinary purpose for which it was used, i.e., interior wood paneling. The excessive shrinkage was the proximate cause of Duff's damages.

█ The magistrate also determined that there was no basis to find that the lumber had changed from the time Duff took delivery of the lumber until it was installed. Thus, Duff proved that (1) the implied warranty of merchantability arose in Bonner Building Supply's sale of lumber; (2) this warranty was breached because the lumber, exceeding 19% moisture content, failed to meet the contract description calling for kiln-dried lumber and was not fit for the ordinary purpose of interior wall paneling; (3) the excessive moisture content existed at the time Duff took delivery; and (4) Duff suffered loss caused by shrinkage resulting from the excessive moisture content. The findings of breach of warranty are supported by substantial and competent evidence, and although conflicting testimony was offered by Bonner Building Supply, we will not disturb those findings on appeal. *Riley v. Larson*, 91 Idaho 831, 432 P.2d 775 (1967).

### III. Effect of User's Negligence

Next we address the district court's determination that comparative negligence is a defense to a breach of warranty action where a plaintiff seeks recovery for the costs of repair and replacement of defective goods. As authority for its position, the district court relied on *Hoffman v. Simplot Aviation, Inc.*, 97 Idaho 32, 539 P.2d 584 (1975). In that case our Supreme Court said that breach of warranty to provide a *personal service* occurred when the service was not performed in a workmanlike manner. The test was thus cast in terms of negligence and the court held that contributory negligence was a defense. However, this holding is inapplicable to a claim for damages resulting from breach of warranty in the sale of a defective *product.*

█ In *Henderson v. Cominco American Inc.*, 95 Idaho 690, 518 P.2d 873 (1974), it was held that contributory negligence, in the sense of failure to discover a defect or to guard against its existence, is not a defense in an action based on breach of warranty. *Id.* at 695, 518 P.2d at 878. This holding is consistent with decisions in other jurisdictions refusing to allow contributory negligence as a defense where the alleged negligence consists only of failure to anticipate that the product might not conform to the warranty. *See generally* Annot., 4 A.L. R.3d 501, 508–510 (1965) (collection of cases). We conclude that the district court erred in remanding the case to the magistrate for a determination of comparative negligence.

### IV. Measure of Damages

Bonner asserts by way of cross-appeal that the magistrate erred in determining the amount and measure of damages. The magistrate determined Duff was damaged in the total amount of $1024 for the labor cost of removing the defective paneling and installing new paneling, plus $657 for the cost of materials for new paneling. Because the defective paneling was glued, it was not salvageable and had to be completely replaced.

Idaho Code section 28–2–714 establishes the criteria for determining the measure of damages recoverable by a buyer of goods for breach of warranty. It provides in pertinent part:

> (2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

(3) In a proper case any incidental and consequential damages under the next section may also be recovered.

The next section, I.C. § 28–2–715(1), provides, in pertinent part, that incidental damages may include "any other reasonable expense incident to the . . . breach."

We hold that the cost of replacement paneling was recoverable under I.C. § 28–2–714(2), and that the additional costs of removing the existing paneling and installing the new paneling are recoverable as incidental damages under I.C. §§ 28–2–714(3) and 28–2–715(1). The magistrate's determination of damages was correct.

### V. Tardy Brief

Duff also contends that the district court erred in not dismissing the appeal from the magistrate division because Bonner's brief on appeal was not timely filed. Duff's attorney received Bonner Building Supply's brief more than 165 days from the date Bonner's attorney received his transcript of the magistrate court trial. On appeal to the district court, an appellant's brief should be filed within 35 days of the notice that the reporter's transcript has been filed. I.R.C.P. 83(v); I.A.R. 34. However, failure of a party to timely take any step in the appeal—other than filing the notice of appeal or cross-appeal—is not jurisdictional, but may be grounds for such sanction as the district court deems appropriate, including dismissal of the appeal. I.R.C.P. 83(s). The sanctions for failing to diligently prosecute an appeal from the magistrate division are discretionary with the district court. Sound judicial discretion in refusing to invoke a sanction will not be disturbed on appeal. In light of the judicial policy of encouraging resolution of legal disputes on the merits, we find no abuse of discretion by the district court in its refusal to dismiss the appeal from the magistrate division. *See Bunn v. Bunn,* 99 Idaho 710, 587 P.2d 1245 (1978). However, we do not condone the delay; and we do not imply by this opinion that sanctions in such circumstances would be inappropriate.

### VI. Attorney Fees

Finally we address a cluster of issues raised by the parties regarding award of attorney fees. First, Bonner claims that the magistrate erred in awarding fees to Duff at trial under I.C. § 12–121, and that the district court erred in affirming that award. Bonner contends that such an award should not have been made absent a showing that its defense of the case was unreasonable, frivolous, or without foundation, as required by I.R.C.P. 54(e). The record shows that this case arose prior to the effective date of rule 54(e). That rule, and the criteria set forth therein, are therefore inapplicable. *White v. Rehn,* 103 Idaho 1, 3, 644 P.2d 323, 325 (1982); *Haskin v. Glass,* 102 Idaho 785, 789, 640 P.2d 1186, 1190 (Ct.App.1982). The award of attorney fees was within the discretion of the magistrate under I.C. § 12–121 and Bonner has failed to show an abuse of that discretion. We affirm the award.

Next, Duff claims the district court erred in refusing to award him the attorney fees he incurred in the appellate proceedings before that court by his motion to dismiss the appeal of Bonner from the magistrate division. As noted earlier, the motion was based upon undue delay by Bonner in filing its appellate brief. The award of such fees would be a discretionary sanction, similar to the discretionary relief of dismissal of the appeal, discussed above. A sanction might have been appropriate, as noted above; but we are not persuaded that the district court abused its discretion in declining to award attorney fees as a sanction.

Lastly, both parties seek an award of attorney fees under I.C. § 12–121 for participation in the present appeal and cross-appeal. Applying the rule set out in *Minich v. Gem Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979), which governs attorney fees on appeal under I.C. § 12–121, we hold that genuine issues of law were presented by this appeal. Accordingly, we decline to award attorney fees to either party.

In sum, the order of the district court remanding the matter to the magistrate division is reversed, and the judgment of the magistrate is affirmed. Costs to appellant Duff.

BURNETT and SWANSTROM, JJ., concur.