666 P.2d 650

David DUFF, Plaintiff-Appellant, Cross-Respondent,

v.

BONNER BUILDING SUPPLY, INC., an Idaho corporation, Defendant-Respondent, Cross-Appellant.

No. 14822.

Supreme Court of Idaho.

July 11, 1983.

R. Romer Brown, Coeur d'Alene, for plaintiff-appellant, cross-respondent.

Gary A. Finney, Sandpoint, for defendant-respondent, cross-appellant.

BAKES, Justice.

Appellant Duff bought lumber paneling, asserted to be kiln-dried, from respondent Bonner Building Supply. To be certified in the industry as kiln-dried, lumber must have a moisture content not exceeding 19%. However, in a group of 80 boards, four of those boards may have a moisture content of more than 19%, and the group will still qualify as kiln-dried.

Duff took the lumber which he had purchased to his home, stored it in his garage under cover, and gradually installed it as paneling in a living room in his home over a three week period. The paneling subsequently shrank, up to ½ inch in places, leaving unsightly gaps and necessitating a complete replacement of the wood. Duff then sued Bonner Building Supply in magistrate court to recover the cost of repair, alleging a breach of express and implied warranties. Bonner Building Supply asserted as a defense that the plaintiff was the cause of his own injury "due to the manner and method of installation of the lumber."

After a trial, the magistrate held that the respondent Bonner Building Supply had breached an implied warranty of merchantability, and that the breach of that warranty was the proximate cause of the appellant Duff's damages.

Bonner Building Supply appealed the magistrate's decision to the district court, asserting, among other issues, that the magistrate erred in failing to consider Duff's contributory negligence as a defense to his claim. The district court, relying on *Hoffman v. Simplot Aviation, Inc.,* 97 Idaho 32, 539 P.2d 584 (1975), ruled that contributory negligence, in the sense of misuse, is a defense to a breach of warranty action, and reversed the magistrate and remanded the case, ordering the magistrate to determine the percentages of fault attributable to each party and apportion the damages.

Duff appealed the district court's decision, and the case was assigned to the Court of Appeals. In a decision issued August 4, 1982, the Court of Appeals reversed the district court and affirmed the magistrate's findings and judgment. *Duff v. Bonner Building Supply,* 103 Idaho 432, 649 P.2d 391 (Idaho App.1982). The Court of Appeals, distinguishing *Hoffman v. Simplot Aviation, supra,* and relying instead on *Henderson v. Cominco American, Inc.,* 95 Idaho 690, 518 P.2d 873 (1973), refused to allow contributory negligence as a defense

"where the alleged negligence consists only of failure to anticipate that the product might not conform to the warranty." 103 Idaho at 435, 649 P.2d 391.

Bonner Building Supply then filed a petition for review in this Court, alleging that the Court of Appeals erred in ruling that contributory negligence is not a defense to a breach of implied warranty. We granted the petition and affirm the Court of Appeals.

There are two distinct reasons for affirming the Court of Appeals. First, we find that the trial court did not err in ruling that any conduct on the part of the plaintiff was not the proximate cause of the injury, and thus could not reduce his recovery. Second, we agree with the Court of Appeals in its holding that contributory negligence, as such, cannot be asserted as a defense in a breach of warranty action.

■ On the issue of proximate cause, we initially note that the trial court specifically found that the breach of warranty by the defendant was the proximate cause of the damages which the plaintiff suffered. Also, in his findings of fact, the magistrate found that:

"While the manner in which Plaintiff installed the lumber in his home was not in accordance with good and prudent practices, and he should have equalized it, this was not a superseding cause of the damages."

There was evidence presented at trial supporting both findings on the issue of proximate cause. Experts testified that they would expect a shrinkage of only ⁹⁄₁₆ to ¼ of an inch if the lumber had been kiln-dried but not equalized. The trial court specifically found:

"Shrinkage of ½" in width occurred on some boards in Plaintiff's home. For that amount of shrinkage to occur, the moisture content of the board before shrinkage would have to be in excess of 24% ...."

The trial court noted that the 24% figure would be correct only if the board had a 0% moisture content before gathering mois-

ture. Thus, because boards rarely reach a 0% moisture content, the boards bought by plaintiff probably had a moisture content greater than 24%. These findings by the magistrate indicate that the lumber sold to plaintiff was not kiln-dried lumber. Also, the evidence indicated that if the lumber had been kiln-dried, and the plaintiff failed to equalize it, no unsightly gaps would have appeared, even though the wood would have shrunk to some degree (³⁄₁₆ to ¼ of an inch) because that amount of shrinkage would not have caused the tongue and groove joints to completely separate as they did. The evidence sustains the trial court's findings that the unsightly gaps that produced the damage were caused only by the defendant's failure to supply kiln-dried lumber. Because these findings on proximate cause are supported by substantial, although conflicting evidence in the record, we would affirm the magistrate on this issue.

On the issue of contributory negligence, numerous courts have considered, and differed in their opinions on whether contributory negligence can be asserted in a breach of warranty action. Much of the confusion stems from the fact that a breach of warranty action is based on a contractual claim, but when viewed in a products liability context it seems to contain some elements of tort law. Hence, there is a split of authority on the question of whether contributory negligence, a negligence defense, is applicable to a breach of warranty action. See Annot., 4 A.L.R.3d 501 (1965), and cases cited therein.

We have previously considered the question of whether contributory negligence is a defense to strict liability. In *Shields v. Morton Chemical Co.,* 95 Idaho 674, 518 P.2d 857 (1974), we held:

"In our opinion the better reasoned view is that contributory negligence in the sense of the failure to discover the defect or to guard against its existence is not a defense to strict liability in tort. On the other hand, it is generally agreed that contributory negligence in the sense of misuse of the product, or in the sense of voluntarily and unreasonably proceeding

in the face of a known danger are good defenses to strict liability." 95 Idaho at 677, 518 P.2d 857.

We based our holding in *Shields* in part on the following quote from the Restatement (Second) of Torts, comment n:

"Since the liability with which this Section deals is not based upon negligence of the seller, . . . [c]ontributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its existence. On the other hand the form of contributory negligence which consists in voluntarily and unreasonably proceeding to encounter a known danger, and commonly passes under the name of assumption of risk, is a defense under this Section as in other cases of strict liability. If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery." *Id.* at 356.

Thus, we held that the conduct of the plaintiff can be used as a defense if the facts alleged indicate misuse of the product or assumption of the risk on the part of the plaintiff.

■ In *Henderson v. Cominco American, Inc., supra,* we considered the question of whether contributory negligence is a defense to a breach of warranty action. Although we did not precisely decide this question, we did quote the following language from a law review article by Prosser.

"Where the negligence of the plaintiff consists only in failure to discover the danger in the product, or to take precautions against its possible existence, it has uniformly been held that it is not a bar to an action for breach of warranty. Thus if he eats a wormy candy bar, or drives negligently on a defective tire, without being aware of the defect, his recovery is not barred, even though he ought to have discovered it.[1] . . .

But if he discovers the defect, or knows the danger arising from it, and proceeds nevertheless deliberately to encounter it by making use of the product, his conduct is the kind of contributory negligence which overlaps assumption..of risk; and on either theory his recovery is barred." Prosser, The Fall of the Citadel (Strict Liability to the Consumer), 50 Minn.L. Rev. 791, 838 (1966).

These Idaho cases are consistent with decisions from other jurisdictions which allow the defenses of misuse of a product or assumption of the risk to reduce or deny a plaintiff's recovery for breach of warranty, but otherwise deny negligence as a defense.

■ In the present case, the defendant presented no evidence that the plaintiff misused his product. The trial court found that:

"The manner in which Plaintiff installed the lumber in the bedroom and living-room of his house was an acceptable manner to install it except for not equalizing . . . ."

This finding by the trial court is supported by the record. Testimony presented by carpentry experts indicated that the method of installation used by the plaintiff was as good as, if not better and more careful than any method they had used. Thus, the only way the defendant could have proven a misuse of the product is to have shown that the plaintiff knew that the lumber should have been equalized but, disregarding that knowledge, used it in a manner in which he knew it should not have been used. The plaintiff testified that he was not a carpenter, had no experience with carpentry, and did not know that lumber must be equalized before being installed in a home. The defendant presented no evidence to refute this testimony. Thus, there is no evidence in the record that would tend to establish a defense of misuse of this product.

1. Although the plaintiff did begin working for a lumber company after he had already contracted to buy the lumber, he testified that he knew virtually nothing about carpentry, except what he had read in magazines. However, under the rule we adopt today, it would make no difference if he were an experienced carpenter; if he did not know of the defect, or misuse the product, his recovery could not be reduced.

Assumption of the risk could also be a defense to a breach of warranty action. However, the defendant presented no evidence that would tend to support this defense. As noted above, the defendant did not present any evidence that the plaintiff knew that he should have equalized the lumber. Without this essential element of knowledge, plaintiff could not be held to have proceeded in the face of a known risk. Thus, there is no evidence in the record that would support a defense of assumption of the risk.

Accordingly, we affirm the trial court's findings on the issue of proximate cause, and reverse the district court's finding on the issue of contributory negligence. Also, because of the lack of evidence in the record to support either a defense of misuse of the product or a defense of assumption of the risk, we affirm the award to the plaintiff.

Reversed.

DONALDSON, C.J., and BISTLINE and SHEPARD, JJ., concur.

HUNTLEY, J., concurs in result.