785 P.2d 679

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William LANGDON,
Defendant–Appellant.**

No. 17933.

Court of Appeals of Idaho.

Jan. 5, 1990.

Frederick G. Loats, Coeur D'Alene, for appellant.

Jim Jones, Atty. Gen., Jack B. Haycock (argued), Deputy Atty. Gen., Boise, for respondent.

Before BURNETT and SWANSTROM, JJ., and HART, J. Pro Tem.

PER CURIAM.

William Langdon entered a conditional plea of guilty in the magistrate division of the district court for Kootenai County to a charge of driving under the influence of alcohol (DUI). I.C. § 18–8004. Langdon appealed to the district court, but his appeal was dismissed because of his failure to file a supporting brief within thirty-five days from the date of the clerk's notice that the reporter's transcript of the magistrate proceedings had been filed with the district court. *See* I.C.R. 54.15, incorporating I.A.R. 34(c). The order of dismissal contained a further order that "no petition for rehearing be filed." Langdon has filed this appeal from that order.

Langdon contends that the district judge abused his discretion in dismissing the appeal and in denying Langdon the opportunity to file a petition for rehearing. For the reasons explained below, we affirm the district judge's order dismissing Langdon's appeal, but we vacate that portion of the judge's order denying Langdon an opportunity to seek a rehearing. This case is remanded to the district court for entry of an order consistent with our opinion.

The essential facts of this case may be stated briefly. Langdon was arrested for driving under the influence of alcohol. He entered a conditional plea of guilty before the magistrate, reserving his right to appeal his conviction to the district court. I.C.R. 11(a)(2). Langdon filed a timely notice of appeal to the district court, but—allegedly due to a clerical error—the appeal

was not processed by the court clerk. Langdon then filed an amended notice of appeal. The district judge subsequently issued a conditional order dismissing Langdon's appeal for failure to pay the estimated cost of a transcript within fourteen days of filing his amended notice of appeal. I.C.R. 54.7(a). The judge granted Langdon a seven-day extension in order to pay the transcript fee. Langdon evidently paid this fee. Shortly thereafter, the court clerk prepared a "Notice of Settling Transcript on Appeal" (Notice), which notified Langdon that he had thirty-five days from the date of the notice to file his supporting brief. Langdon failed to file a brief within the allotted time. The district judge, apparently acting *sua sponte*, dismissed Langdon's appeal for failure to file a brief. As noted above, the dismissal order also prohibited Langdon from filing a petition for rehearing. This appeal by Langdon followed.

We first consider Langdon's argument regarding the district judge's decision to dismiss his appeal. Langdon contends that he never received a copy of the clerk's notice informing him of the time limit for filing his appellate brief with the district court. Furthermore, Langdon contends that the trial judge's dismissal order effectively prohibits him from pursuing his appeal.

We preliminarily note our standard of review of the district judge's decision to dismiss Langdon's appeal. Failure of a party to timely take any step in the appellate process—other than filing a notice of appeal or cross-appeal—is not jurisdictional, but may be grounds for such sanction as the district court deems appropriate, including dismissal of the appeal. I.R.C.P. 83(s); *Duff v. Bonner Building Supply, Inc.*, 103 Idaho 432, 649 P.2d 391 (Ct.App.1982), *affirmed*, 105 Idaho 123, 666 P.2d 650 (1983). The sanctions for failing to diligently prosecute an appeal from the magistrate division are discretionary with the district court; an exercise of sound judicial discretion will not be disturbed on appeal. *Id.* In appropriate circumstances, dismissal may be a proper sanction for failure to file a timely appellate brief. *See Woods v. Crouse*, 101 Idaho 764, 620 P.2d 798 (1980).

In the present case, and upon the present record, we see no abuse of discretion in the district judge's decision to dismiss Langdon's appeal. Although Langdon now contends that he never received the notice informing him of the time limit for filing his brief, attached to the notice is an affidavit by the county clerk certifying that copies were sent to the Kootenai County Prosecutor's Office and to Langdon's attorney. With only this record before him, the district judge cannot be faulted for assuming that Langdon's attorney had chosen to ignore the established deadline for filing a brief. Furthermore, we cannot agree with Langdon's assertion that because the county clerk had failed to process his original notice of appeal, there was at least some reason for the judge to believe the clerk had also forgotten to mail him a copy of the notice. Nothing in the record before the district court, or now before us, demonstrates that the county clerk either failed to properly process Langdon's original notice of appeal, or failed to mail Langdon a notice informing him of the time for filing his appellate brief. Although the district judge could have imposed a less onerous sanction under the circumstances, we find no reason to reverse his ruling based upon the record before him. Accordingly, we will not disturb the order dismissing Langdon's appeal.

However, we must still address Langdon's argument regarding the district judge's refusal to allow Langdon to file a timely petition for rehearing. Langdon contends that, pursuant to the Idaho Criminal and Appellate Rules, he is entitled to seek a rehearing on the district court's dismissal of his appeal. We have some doubt whether a "rehearing" is routinely available after an order of dismissal, as opposed to an opinion disposing of the appeal on its merits. Rule 54.18, I.C.R., provides that any appellate procedure not addressed by the Criminal Rules shall be governed by the Idaho Appellate Rules. However, the Appellate Rules speak of "rehearing" only in the context of opinions. *See* I.A.R. 38 and 42. Nonetheless, the fact

**118**

remains that an order of dismissal disposes of the appeal. Where, as here, the order has been entered *sua sponte*, without prior notice and opportunity to be heard or to respond by memorandum, concerning the reason for a contemplated dismissal, we think justice requires an opportunity to seek the court's reconsideration.

Rule 44, I.A.R., authorizes the appellate court to alter the normal appellate procedure where "extraordinary circumstances" exist. In our view, dismissing an appeal, without prior notice and opportunity to be heard or to file a memorandum concerning the dismissal, represents an extraordinary circumstance. We hold that such an opportunity should have been made available at some point in this case. The court plainly sought to foreclose such an opportunity after the dismissal with its prohibition against filing a petition for rehearing. Indeed, the court's order also was entitled a "remittitur," purporting to terminate the court's appellate jurisdiction. In these respects, we believe the court erred.

We therefore vacate that portion of the district court's order prohibiting Langdon from filing a petition for rehearing on the dismissal of his appeal. On remand, we direct the district court to enter an order setting a twenty-one day period within which Langdon may file such a petition.