■ GEM JEWELERS, INC., Respondent, v ARTHUR DYKMAN, Doing Business as COLUMBIA-ART STORE EQUIPMENT COMPANY, et al., Defendants, and COLUMBIA-ART STORE EQUIPMENT COMPANY, Appellant.—Levine, J. Appeal from a judgment of the Supreme Court (Reilly, Jr., J.), entered November 9, 1988 in Fulton County, upon a verdict rendered in favor of plaintiff against defendant Columbia-Art Store Equipment Company.

In August 1984 plaintiff entered into an agreement with defendant Columbia-Art Store Equipment Company (hereinafter defendant) for the construction and installation of new, custom-designed jewelry cabinets, cases and fixtures for plaintiff's retail jewelry store in the City of Gloversville, Fulton County, for a total price of $36,000. The items were to be built in accordance with plans and specifications drawn by a California-based designer specializing in jewelry stores who had been retained to design the renovation of plaintiff's store. Cabinets, cases and fixtures were installed in the fall of 1984. After paying over $32,000 on the contract, plaintiff wrote to defendant's president in May 1986 complaining of the workmanship and of the fact that solid cherry hardwood cases were "ordered and paid * * * for", but "we received [only] veneered particle board". Defendant's president responded by denying

that there were any defects and suggested that the unpaid balance was sufficient to cover any unsatisfactory items. Plaintiff subsequently brought this action for breach of contract, breach of warranty and fraud. Defendant counterclaimed for $3,000, representing the alleged unpaid balance on the contract. After dismissal of plaintiff's fraud cause of action, the case proceeded to trial, at the conclusion of which the jury found in plaintiff's favor, awarding $40,000 in damages and rejecting defendant's counterclaim. This appeal by defendant ensued.

Defendant initially contends that the jury's finding of liability was against the weight of the documentary evidence. We disagree. There was evidence adduced sufficient to support a finding that the agreement between the parties, as reflected in the final plans and specifications submitted to defendant by plaintiff's designer, called for cases and cabinets of solid cherry wood, rather than of veneered particle board, as was actually supplied. There was also testimony of the inferior quality of the items. While there was also contrary evidence on these issues, giving the jury the appropriate deference on questions of credibility we are unable to conclude that the verdict on liability cannot be supported by any fair interpretation of the evidence and, therefore, it should not be disturbed *(see, Halvorsen v Ford Motor Co.,* 132 AD2d 57, 60, *lv denied* 71 NY2d 805).

Next, defendant argues that reversal was required because Supreme Court erred in its instructions on damages. The parties had agreed that, since the contract items had been accepted by plaintiff, the damage issue was controlled by UCC 2-714. Under that section of the UCC, a buyer can recover damages "for any non-conformity of tender the loss resulting * * * from the seller's breach as determined in any manner which is reasonable" (UCC 2-714 [1]). However, the measure of damages for breach of warranty "is the difference * * * between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount" (UCC 2-714 [2]). The reference to value in UCC 2-714 (2) is to the fair market value of the goods *(see,* 4 Anderson, Uniform Commercial Code § 2-714:5, at 471 [3d ed]).

In its instructions to the jury on plaintiff's breach of contract cause of action, Supreme Court charged alternative measures of damages, i.e., the "actual cost of making the goods meet the requirements of the contract", and "the difference in value between the goods as accepted and the value of

the goods had they been in conformance with the contract". Charging damages for breach of warranty, the court adhered to the language of UCC 2-714 (2). Supreme Court then directed the jury to select a reasonable measure of damages. Defendant excepted to that portion of the charge which permitted the jury to award damages on the basis of cost to correct, and also excepted on the same ground to the court's supplemental charge on the general definition of damages, in response to the jury's request. Defendant claims that, in this case, the evidence only supported an award of damages based upon the difference between the value of the goods as accepted and their value had they been as warranted. It is asserted that Supreme Court's departure from this measure of damages in its charge was prejudicial, in that it invited the jury to compensate plaintiff on the basis of the replacement costs for solid wood cabinets and cases, an unacceptable standard under UCC 2-714. Again, we disagree.

Although there is authority that where the nonconforming tender of accepted goods by the seller constitutes a breach of warranty, the proper measure of damages is that set forth in UCC 2-714 (2) *(see,* 4 Anderson, Uniform Commercial Code § 2-714:13, at 478 [3d ed]; *see also, Zappalo & Co. v Pyramid Co.,* 81 AD2d 983, 984, *lv denied* 55 NY2d 603), we find no error in the charge which was preserved for review that prejudiced defendant. First, plaintiff's evidence clearly showed that the cabinets and cases called for under the agreement were custom designed specifically for plaintiff's store and further supported the inference that solid wood was specifically required for aesthetic reasons, as communicated to defendant; thus, special circumstances existed justifying a departure from the ordinary standard of damages based upon the difference between value of the goods as accepted and value as warranted. As this case can be found to involve unique goods not bought and sold on the open market, it can reasonably be concluded that the standard breach of warranty measure of damages under UCC 2-714 (2) was inadequate *(see, City of New York v Pullman, Inc.,* 662 F2d 910, 916-918, *cert denied sub nom. Rockwell Intl. v City of New York,* 454 US 1164; *see also, County of Hennepin v AFG Indus.,* 726 F2d 149, 154-155). While Supreme Court's instructions could have been more explicit regarding such special circumstances, any deficiency was not preserved by defendant's exception to the submission to the jury of any measure of damages other than one based upon the value of the goods as accepted and value as warranted. Under the foregoing special circumstances, cost of

replacement was a proper measure of damages under UCC 2-714 (2) *(see, City of New York v Pullman, Inc., supra).*

Moreover, particularly in the case of goods not regularly traded on the open market, replacement cost is a proper method of determining the value of goods as warranted under UCC 2-714 (2) (1 White and Summers, Uniform Commercial Code § 10-2, at 504 [3d ed]; *see, Duff v Bonner Bldg. Supply,* 103 Idaho 432, 649 P2d 391, *affd* 105 Idaho 123, 666 P2d 650; *Vista St. Clair v Landry's Commercial Furnishings,* 57 Ore App 254, 643 P2d 1378; *Giant Food v Bender & Sons,* 399 A2d 1293 [DC App]; *see also, Mayfair Kitchen Center v Nigro,* 139 AD2d 885, 887). Thus, the jury could validly have used the replacement cost of solid cherry wood cabinets and cases in making its award, even if no alternative measure of damages had been submitted to it by Supreme Court.

Defendant also argues that the jury's award of $40,000 to plaintiff was excessive. We find that there is evidence substantially supporting this amount. Specifically, there was testimony that the cost in 1984 to replace the cabinets, cases and fixtures with items conforming to the contract was approximately $44,000. The designer of the cabinets and cases, who saw them in plaintiff's store in May 1986, described their appearance as "horrible", and plaintiff's qualified expert appraiser described them as made of "a very thin veneer on a pressed board * * * of a sawdust composition" with the veneer "bubbling and peeling" on many cases and colors that did not match. The jury, therefore, could reasonably have concluded that the value of the contract items as supplied by defendant was not more than their salvage value in 1984 as used fixtures, as testified to by plaintiff's expert. Thus, damages of $40,000 were not excessive, despite being more than the contract price.

We are likewise unpersuaded that the jury's rejection of defendant's counterclaim was unwarranted. Accordingly, the judgment should be affirmed in all respects.

Judgment affirmed, with costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.