IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38654

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF WINTER SKY BLANC, A MINOR CHILD. _____ | 2012 Unpublished Opinion No. 413 Filed: March 28, 2012 |
| WILLIAM JACOB AND TONYA JACOB, husband and wife, Petitioners-Respondents, v. KATHLEEN ANN BLANC, Respondent-Appellant. _____ | Stephen W. Kenyon, Clerk THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. Robert J. Elgee, District Judge; Hon. Jason Walker, Magistrate.

District court's order dismissing intermediate appeal, <u>affirmed</u>.

Kathleen A. Blanc, Pocatello, pro se appellant.

May, Browning & May PLLC; Bart D. Browning, Twin Falls, for respondents.

_____

GUTIERREZ, Judge

Kathleen Ann Blanc appeals from the district court's order dismissing her intermediate appeal of the magistrate's order appointing co-guardians of Blanc's minor daughter. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In October 2010, the magistrate granted the respondents' petition to be appointed co-guardians of Blanc's young daughter. Blanc, incarcerated at all times relevant to this appeal, timely appealed the decision to the district court, which entered a procedural order governing the intermediate appeal on November 5, 2010. On February 2, 2011, the district court dismissed the

appeal for failure to comply with the procedural order. Blanc filed a motion for reconsideration, which the district court denied. Blanc now appeals the dismissal of her intermediate appeal.

## II.

## ANALYSIS

The district court dismissed Blanc's appeal because Blanc failed to comply with the procedural order governing the appeal of the magistrate's order appointing co-guardians. Specifically, the court found Blanc failed to timely arrange and pay for all portions of the transcript reasonably necessary for review within fourteen days after filing the notice of appeal.

Blanc advances numerous arguments in her appellant's brief; however, she fails to allege error as to the actual basis of the district court's order dismissing her appeal. Given that none of the other issues advanced by Blanc have any relevance to the reason for the district court's dismissal of the appeal, we confine our discussion to the basis of the court's dismissal.

In dismissing the appeal, the district court referenced the "Procedural Order Governing Civil Appeal from Magistrate Division to District Court," issued by the district court after Blanc filed a notice of appeal in the district court. Among other things, the order stated that within fourteen days after the filing of the notice of appeal, it is the responsibility of the appellant to determine the estimated cost of the transcript and pay such estimated cost. The order further stated, "Failure to timely remit the estimated and/or final preparation costs shall be grounds for dismissal of the ordering party's appeal . . . ." In its order dismissing Blanc's appeal, the district court noted that the procedural order had been served upon Blanc in November 2010 and that as of January 31, 2011, no transcript fee had been paid. Citing, among other rules, Idaho Rule of Civil Procedure 83(s) and Idaho Appellate Rule 21, the district court recognized it could dismiss the appeal for failure to comply with the procedural order and proceeded to do so. The district court also denied Blanc's motion for reconsideration of its dismissal, noting Blanc had not indicated her failure to pay for the transcripts was a result of oversight or excusable neglect, but merely restated her inability to pay the fees.

Idaho Rule of Civil Procedure 83(s) provides:

> The failure to physically file a notice of appeal or notice of cross-appeal with the district court within the time limits prescribed by these rules shall be jurisdictional and shall cause automatic dismissal of such appeal upon motion of any party, or upon initiative of the district court. Failure of a party to timely take any other step in the appellate process shall not be deemed jurisdictional, but may

2

be grounds only for such other action or sanction as the district court deems appropriate, *which may include dismissal of the appeal*.

(Emphasis added.) Thus, it is clear the sanctions for failing to diligently prosecute an appeal from the magistrate division are discretionary with the district court; an exercise of sound judicial discretion will not be disturbed on appeal. *State v. Langdon*, 117 Idaho 115, 117, 785 P.2d 679, 681 (Ct. App. 1990); *Duff v. Bonner Bldg. Supply, Inc.*, 103 Idaho 432, 436, 649 P.2d 391, 395 (Ct. App. 1982). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

Upon the present record, we see no abuse of discretion in the district court's decision to dismiss Blanc's appeal. Blanc was given clear notice of the requirement that she arrange for preparation of and payment for the transcript necessary for the district court to consider the appeal and, according to the record, had not done so even months after the district court's prescribed time limit. If she could not pay for the transcript, as she alleged in her motion for reconsideration, Idaho Code § 31-3220 provides for the waiver of such fees for indigent prisoners; however, it requires *action* by the party seeking the waiver. There is no evidence in the record that Blanc followed the procedure in section 31-3220 in an effort to acquire the requisite transcript.

We conclude the district court acted within its discretion in dismissing Blanc's appeal from the magistrate's order appointing co-guardians. The district court's order dismissing the intermediate appeal is affirmed.

Chief Judge GRATTON and Judge LANSING **CONCUR.**

3