## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 41764

| | |
|---|---|
| **STATE OF IDAHO,** | ) **2014 Unpublished Opinion No. 871** |
| | ) |
| **Plaintiff-Respondent,** | ) **Filed: December 17, 2014** |
| | ) |
| **v.** | ) **Stephen W. Kenyon, Clerk** |
| | ) |
| **MITCHELL RYAN NILAN,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge. Hon. Theresa Gardunia, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, dismissing appeal, <u>affirmed</u>.

Alan E. Trimming, Ada County Public Defender; Heidi Johnson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Mitchell Ryan Nilan appeals from the district court's order on intermediate appeal, dismissing his appeal. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Nilan was charged with illegal consumption of alcohol by a minor and possession of an open container. Nilan entered pleas of not guilty on April 5, 2013. On May 10, Nilan filed a motion to suppress. The state opposed the motion, arguing that pursuant to I.C.R. 12(d), Nilan had twenty-eight days from the date he entered his pleas to file any Rule 12(d) motions and that the motion to suppress was untimely. The state further argued that Nilan had failed to show any good cause or excusable neglect for the late filing. Nilan filed a memorandum in support of his

1

motion to suppress and the magistrate heard argument regarding the timeliness of Nilan's motion to suppress. The magistrate found that Nilan failed to demonstrate good cause or excusable neglect to justify the late filing and declined to hear Nilan's untimely motion to suppress. Nilan entered conditional guilty pleas to illegal consumption and open container, reserving the right to challenge the adverse ruling regarding his motion to suppress. Nilan appealed to the district court.

On August 13, 2013, the district court entered an order requiring Nilan to file and serve his appellant's brief on or before December 2, 2013. On December 2, Nilan filed a "Stipulation for New Briefing Schedule," which was signed by Nilan's counsel and the prosecutor, requesting that the briefing schedule be vacated at the district court's convenience. The district court denied the request and entered an order dismissing Nilan's appeal. Nilan filed a motion for reconsideration and an affidavit in support thereof from his counsel. The district court denied the motion to reconsider, noting in handwriting on the face of the motion "no showing of good cause." Nilan appeals.

Nilan raises several issues on appeal, including whether the district court abused its discretion when it declined to accept the stipulation for new briefing schedule; whether the district court abused its discretion when it denied Nilan's motion for reconsideration; whether the district court's sua sponte dismissal of Nilan's appeal was in error; and whether the district court violated Nilan's right to due process when it dismissed his appeal.[1]

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions following

---

[1] Nilan also argues the magistrate abused its discretion when it declined to entertain Nilan's motion to suppress, which he concedes was untimely filed. We will not address this issue because this Court is jurisdictionally bound to review the district court, which did not reach the issue due to the appeal being dismissed. *See State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014).

therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or dismiss the decisions of the district court. *Id*. When a court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## ANALYSIS

### A. Stipulated Briefing Schedule

Nilan argues the district court abused its discretion when it denied the "Stipulation for New Briefing Schedule," which was, essentially, a stipulated motion for an extension of time to file his brief. The issue is whether the district court abused its discretion by denying the stipulated motion. In support of his argument, Nilan cites an unrelated case and alleges that the district court had recently accepted a stipulation for a new briefing schedule, following a similar procedure as the stipulation in this case. Nilan argues that "it follows that as briefing schedules have been vacated in prior cases and in this case simply denied with no explanation, that it is an abuse of discretion." Nilan further argues that "what is even more particularly egregious in this case is that the parties had stipulated to the extension of time." Nilan appears to assert that, when a similar motion is granted in an unrelated case or when parties stipulate to a motion, the court is somehow bound or, at least, that the denial of the motion is an especially egregious abuse of discretion. Nilan has provided no authority to support his argument. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Contrary to Nilan's position, I.A.R. 34(e)(6), which is made applicable by I.C.R. 54.15, explicitly states, regarding motions for extension of time for filing a brief, that a "stipulation shall not be binding upon the Court" and that "extensions of time for filing briefs shall not be favored and will be granted by the Supreme Court only upon a showing of good

3

cause." In this case, there is no evidence in the record that Nilan showed good cause for granting the extension of time to file his brief.

Further, the "Stipulation for New Briefing Schedule" fails to follow the requirements of Rule 34(e) for making a motion for extension of time to file a brief. Rule 34(e) requires that a motion for extension of time for filing a brief shall be supported by an affidavit and then lists eight requirements. There is no evidence in the record that Nilan filed an affidavit, setting forth the eight requirements of Rule 34(e). It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Nilan failed to follow the statutory requirement for a motion for an extension of time to file a brief. In addition, Nilan failed to show good cause for the extension. The district court correctly identified these decisions as calling for the exercise of its discretion, acted within the boundaries of its discretion and consistent with the applicable legal standards, and reached its decisions by an exercise of reason. Therefore, the district court did not err in denying Nilan an extension of time to file his brief.

**B.      Sua Sponte Dismissal**

Nilan argues the district court erred when it dismissed Nilan's appeal sua sponte. Specifically, Nilan argues that, since Rule 34(e) "allows for filing for an extension up until the due date for the appellate brief, it follows that if that request is denied the Court must then provide the moving party a reasonable period of time after the denial to submit the briefing to the court before dismissing the appeal." Nilan is essentially asserting that, when a party waits until the last day to file a motion for extension of time, if the court denies the motion, the court must nevertheless provide the party with additional time to file its brief. We are not persuaded. When a party waits until the last minute to file a motion, that party runs the risk of having insufficient time to file its brief if the motion is denied, which is what occurred in this case. Failure of a party to timely take any step in the appellate process (other than filing a notice of appeal or cross-appeal) is not jurisdictional, but may be grounds for such action or sanction as the district court deems appropriate, including dismissal of the appeal. I.R.C.P. 83(s); *State v. Langdon*, 117 Idaho 115, 117, 785 P.2d 679, 681 (Ct. App. 1990). The district court is granted the discretion, by I.R.C.P. 83(s), to take action when a party fails to timely take any step in the appellate

4

process. *Langdon*, 117 Idaho at 117, 785 P.2d at 681. Thus, if a district court deems dismissal to be an appropriate sanction for failing to timely file briefs, the district court has the authority to act sua sponte in dismissing the appeal. *See id.* In this case, the district court deemed the appropriate response to Nilan's failure to file a brief by the deadline to be dismissed. The district court correctly identified this decision as calling for the exercise of its discretion, acted within the boundaries of its discretion and consistent with the applicable legal standards, and reached its decision by an exercise of reason. Although the district court could have imposed a less onerous sanction under the circumstances, the district court did not abuse its discretion when it exercised a power granted to it, by dismissing Nilan's appeal for failing to comply with the district court's briefing schedule.

## C. Motion for Reconsideration

Nilan argues the district court abused its discretion when it denied Nilan's motion for reconsideration. A motion for reconsideration is reviewed under the abuse of discretion standard. *State v. Montague*, 114 Idaho 319, 320, 756 P.2d 1083, 1084 (Ct. App. 1988). The full extent of Nilan's briefing on this claim is his conclusion that based upon the record presented to this Court, the district court abused its discretion by denying his motion for reconsideration. Nilan provides no argument or authority to support his assertion. A party waives an issue on appeal if either authority or argument is lacking. *See Zichko*, 129 Idaho at 263, 923 P.2d at 970. Because authority and argument are lacking on this issue, the issue is waived and this Court need not address it further. Although not particularly argued, Nilan may imply that the district court was required to accept his asserted reasons for the request upon the motion for reconsideration, even though not provided at the time of the original request. That is simply not so. In addition, Nilan's belated attempt to establish good cause did not persuade the district court that good cause was established. Nilan has not demonstrated to this Court that the district court's determination that good cause was not established, even with the information submitted with the motion for reconsideration, was erroneous.

## D. Due Process

Nilan argues his right to procedural due process was violated when the district court dismissed his appeal without notice and a hearing. Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001).

5

However, we freely review the application of constitutional principles to those facts found. *Id.* A procedural due process inquiry is focused on determining whether the procedure employed is fundamentally fair. *State v. Blair*, 149 Idaho 720, 722, 239 P.3d 825, 827 (Ct. App. 2010). The Due Process Clause of the Fourteenth Amendment prohibits deprivation of life, liberty, or property without fundamental fairness through governmental conduct that offends the community's sense of justice, decency and fair play. *State v. Carr,* 128 Idaho 181, 183-84, 911 P.2d 774, 776-77 (Ct. App. 1995). Procedural due process is the aspect of due process relating to the minimal requirements of notice and an opportunity to be heard if the deprivation of a significant life, liberty, or property interest may occur. *State v. Doe*, 147 Idaho 542, 544, 211 P.3d 787, 789 (Ct. App. 2009). The minimal requirements are that there must be some process to ensure that the individual is not arbitrarily deprived of his or her rights in violation of the state or federal constitutions. *State v. Rhoades*, 121 Idaho 63, 72, 822 P.2d 960, 969 (1991). The minimum requirements are met when the defendant is provided with notice and an opportunity to be heard. *Id*.

Where an order dismissing an appeal has been entered sua sponte, without prior notice and opportunity to be heard or to respond by memorandum, concerning the reason for a contemplated dismissal, justice requires an opportunity to seek the court's reconsideration. *Langdon*, 117 Idaho at 118, 785 P.2d at 682. In *Langdon,* the district court dismissed the appellant's appeal for failing to file his brief by the prescribed deadline. The district court's dismissal order prohibited the appellant from filing a petition for reconsideration. This Court reversed and remanded to the district court, directing the district court to afford the appellant an opportunity to file a motion for reconsideration. Unlike the appellant in *Langdon*, in this case Nilan had an opportunity to seek the district court's reconsideration, which he did through memorandum. This was sufficient to satisfy the requirements of due process. Therefore, the district court did not violate Nilan's right to due process when it dismissed his appeal.

## IV.

## CONCLUSION

The district court did not abuse its discretion in denying Nilan an extension of time to file his brief, in acting sua sponte in dismissing his appeal, or in denying his motion for reconsideration. Further, the district court did not violate Nilan's right to due process when it

dismissed his appeal. Therefore, we affirm the district court's order on intermediate appeal dismissing Nilan's appeal.

Judge LANSING and Judge GRATTON, **CONCUR**.