IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43931

| JANE DOE (2016-8), | ) | 2016 Unpublished Opinion No. 700 |
| | ) | |
| Petitioner-Respondent, | ) | Filed: September 22, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHN DOE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge; Hon. Eugene A. Marano, Magistrate.

District court's order dismissing intermediate appeal, <u>affirmed</u>; order denying motion to reconsider, <u>affirmed</u>.

Kevin J. Waite, Coeur d'Alene, for appellant.

David W. Lohman, Coeur d'Alene, for respondent.

_____

GUTIERREZ, Judge

John Doe appeals from the district court's order dismissing John's intermediate appeal of the magistrate's protection order, and the district court's order denying John's motion to reconsider the dismissal. Specifically, he argues that the district court abused its discretion in dismissing the appeal. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2014, Jane Doe filed an ex parte petition seeking a domestic violence protection order against her husband, John Doe. The magistrate granted Jane's petition, issuing a fourteen-day temporary protection order. The magistrate then held an evidentiary hearing on the matter and entered a forty-five-day protection order pursuant to Idaho Code § 39-6301, *et. seq.*, on behalf of Jane against John effective until August 31, 2014.

1

John filed a notice of appeal to the district court, challenging the magistrate's issuance of this protection order. The district court issued an order setting the briefing schedule for the appeal. This order established the following deadlines: opening brief due by December 5, 2014; response brief due by January 2, 2015; and reply brief due by January 23, 2015. The order also set oral argument for May 20, 2015. On December 5, 2014, John filed a motion to extend the briefing schedule. Then, on December 22, 2014, the parties agreed to extend the briefing schedule and filed this stipulation with the district court. However, the district court never ratified the parties' stipulation.

The May 20, 2015, oral argument was later vacated. Instead, the district court held a status conference on June 25, 2015. During the status conference, the parties indicated that the trial regarding the parties' divorce had just finished, and they were awaiting the divorce court's decision on those proceedings. The parties also indicated optimism that an appeal would not be necessary. The district court proposed holding a status conference in August to "see where matters are at that point." Counsel for Jane then inquired if the district court's intent was to postpone the briefing schedule. The court responded: "Well, I hate to bring this up, but there has been no order extending the time for briefing schedule. There's been a stipulation to do so. The district court's not bound by that stipulation. So whether there are briefs to be filed or not remains to be seen." The district court scheduled a status conference for August 26, 2015.

On the day of the August 26 status conference, John filed his opening brief with the district court. During the status conference, John's counsel explained the delay in pursuing the appeal as stemming from a hope that the parties would be able to agree to a rescission of the protection order, rendering the appeal unnecessary. After hearing from both parties, the district court indicated its intent to dismiss the appeal pursuant to Idaho Rule of Civil Procedure 83(s).[1] The district court noted that the parties had failed to meet the deadlines in its briefing schedule order and that although the parties had stipulated to extend the deadlines, they had failed to obtain the district court's approval of that agreement.

The district court then entered a written order dismissing the appeal. John filed a timely motion to reconsider the court's dismissal, which the court denied. John timely filed a notice of

---

[1]     Effective July 1, 2016, this rule was renumbered to Idaho Rule of Civil Procedure 83(m). However, this appeal references the rule by its previous enumeration as Rule 83(s).

appeal to this Court, challenging both the district court's dismissal of the appeal and its denial of John's motion to reconsider the dismissal order.

## II.

## ANALYSIS

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

Here, the district court dismissed John's appeal sua sponte pursuant to I.R.C.P. 83(s) on the basis that John did not timely submit his opening appellate brief in conformance with the briefing schedule deadline set by the district court. The relevant part of I.R.C.P. 83(s) provided: "Failure of a party to timely take any other step in the appellate process . . . may be grounds for other action or sanction as the district court deems appropriate, which may include dismissal of the appeal." The issue before us now is whether the district court's dismissal, due to John's failure to file his opening appellate brief before the deadline set forth in the court's scheduling order, is an abuse of discretion. The dismissal will not be overturned on appeal unless we can say that the district court clearly and manifestly abused its discretion. *State ex rel. Goodwin v. Valentine*, 107 Idaho 1033, 1035, 695 P.2d 418, 420 (Ct. App. 1985).

When a court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

3

In exercising its authority to dismiss the appeal pursuant to Rule 83(s), the district court correctly perceived the issue as one of discretion. During the August 26 status conference, the court stated, "Idaho Rule of Civil Procedure 83(s) stands for the proposition or provides that a failure to file a brief may result in the dismissal of appeal. This is a matter that is within the discretion of the Court."

The district court also acted within the boundaries of its discretion and consistently with applicable legal standards. Under the court-ordered briefing schedule, John's opening appellate brief was due December 5, 2014. Instead of filing an opening brief on December 5, John filed a motion to extend the briefing schedule.[2] On December 22, 2014, the parties agreed to extend the briefing schedule and filed that stipulation with the court. However, the parties never motioned the district court to accept the modified briefing schedule. At no time did the district court enter a modified briefing schedule order. During a status conference held on June 25, 2015, the district court warned the parties that it was under no obligation to accept the parties' stipulation, stating, "Well, I hate to bring this up, but there has been no order extending the time for briefing schedule. There's been a stipulation to do so. The court's not bound by that stipulation. So whether there are briefs to be filed or not remains to be seen." At no time did the district court indicate to either party that the district court intended to wait indefinitely for John's submission of his opening brief. The district court's leniency in not dismissing the appeal at the first possible opportunity when the December 5, 2014, deadline came and went did not automatically foreclose its ability to later dismiss the appeal for the continued delinquency nearly nine months after the expiration of its initial deadline.

John argues that the district court should have followed the precedent that has been established for dismissals "for want of prosecution" under I.R.C.P. 41(b). He contends that because he submitted his opening brief to the district court on the day of the August 26, 2015, status conference, the period for delay had ceased and the district court's dismissal at that point constituted an abuse of discretion. Even if this Court were persuaded by John's argument that

---

[2]     It is unclear from the record what action, if any, the district court took on this motion. John does not argue on appeal that treatment of this particular motion by the district court was somehow improper. Nor does John include this motion in the appellate record. This Court will not address this issue absent argument or authority to support a claim of error. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

the same principles guiding dismissals under Rule 41(b) should apply to those under Rule 83(s), there exists no such precedent either guiding or binding lower courts.

In fact, the converse is true. We have previously held that dismissal is an appropriate sanction for failure to file a timely appellate brief under Rule 83(s). *See State v. Langdon*, 117 Idaho 115, 117, 785 P.2d 679, 681 (Ct. App. 1990); *Duff v. Bonner Bldg. Supply, Inc.*, 103 Idaho 432, 436, 649 P.2d 391, 395 (Ct. App. 1982), *aff'd* 105 Idaho 123, 666 P.2d 650 (1983). Thus, it could not be considered a clear or manifest abuse of discretion for the district court to treat dismissal as an appropriate sanction for John's failure to timely submit his opening brief nearly nine months after it was due.

Moreover, the district court reached its decision through an exercise of reason. The district court's written order dismissing the appeal demonstrates its consideration of the facts of the case, the arguments of the parties, and the applicable standards of law. The district court considered all of the relevant information available to it before deciding to dismiss John's appeal through an exercise of reason. Although the district court could have imposed a less onerous sanction under the circumstances, it did not err when it exercised a power granted to it, by dismissing John's appeal for failing to comply with the district court's briefing schedule. Likewise, the district court did not err when it denied John's motion to reconsider its order dismissing his intermediate appeal.

Finally, both parties seek attorney fees on appeal pursuant to Idaho Code § 12-121. Because John is not the prevailing party, he is not entitled to attorney fees. Regarding Jane's request, attorney fees may be awarded under this provision only where an appeal is brought or defended frivolously, unreasonably, or without foundation. *Vierstra v. Vierstra*, 153 Idaho 873, 881, 292 P.3d 264, 272 (2012). We do not find that John brought this appeal frivolously, unreasonably, or without foundation. Thus, we do not award attorney fees on appeal. However, costs on appeal are awarded to Jane as the prevailing party. Idaho Appellate Rule 40(a).

### III.

### CONCLUSION

The district court did not err when it dismissed John's intermediate appeal pursuant to I.R.C.P. 83(s) due to John's filing of his opening appellate brief nearly nine months after the deadline set by the district court's scheduling order. Additionally, the district court did not err in denying John's motion to reconsider. Accordingly, we affirm the district court's order

5

dismissing the intermediate appeal and the district court's order denying the motion to reconsider. Costs, but not attorney fees, to Jane.

Judge GRATTON and Judge HUSKEY **CONCUR**.